THOMAS S. KRUTZ, *et al.*, v. GEORGE B. CHANDLER.

32 659
59 206
32 659
69 64

1. TAXES, *Adjudged a Lien—No Error.* In an action in the nature of eject-
ment, brought by the holder of a tax deed where the plaintiff failed to
recover the land, but where the court adjudged the amount of the taxes,
with all legal interest and costs thereon paid by the plaintiff, to be a lien
upon the land, *held*, that the judgement, under the circumstances, is not
erroneous, although (1) the description of the land in the tax deed and
tax proceedings is indefinite and uncertain; (2) the assessor did not
attach an oath to his return of the assessment of real property; and
(3) a greater amount was charged for publishing the delinquent tax list
than was paid.

2. INDEFINITE DESCRIPTION — *Lien for Taxes; No Error.* Where a per-
son owns and is in the actual possession of 146 and $\frac{95}{100}$ acres of land in
a certain quarter-section, and the the same is assessed and taxed to him
and in his name, but by the following description, to-wit: "Pt. S.W.
($146\frac{94}{100}$ a.) section 4, township 17, range 23, in Miami county," and the
land is not assessed or taxed by any other description, and the owner never
pays any taxes for that year on the land, and the land is afterward sold
for the taxes and the purchaser pays the subsequent taxes, and afterward
a tax deed is executed to the purchaser, and afterward in an action in
the nature of ejectment brought by the purchaser to recover the land,
the purchaser is defeated with reference to the recovery of the land, but
the court adjudges the taxes, with the legal interest and costs thereon
paid by the purchaser to be a lien upon the land, *held*, that notwith-
standing the indefinite description of the land, the owner thereof is
not relieved from paying his taxes, and the judgment of the court with
regard to the lien for taxes is not erroneous.

*Error from Miami District Court.*

EJECTMENT brought by *Chandler* against *Krutz* and two others. Trial by the court at the February Term, 1884. The court found and adjudged that—

"The defendant, William G. Krutz, is the owner of the

land described in the petition of the plaintiff, to wit, all that portion of the southwest quarter of section number four, in township number seventeen, south, in range number twenty-three, east, etc., lying east of Bull creek, excepting six and six one-hundredth acres belonging to the Kansas City, Fort Scott & Gulf Railroad Company as a right of way, containing one hundred and forty-six and ninety-four one-hundredth acres of land, and situated in the county of Miami, state of Kansas, and that the defendants are lawfully in possession thereof; and that the plaintiff is entitled to recover for taxes paid on said land, with the interest, penalties, costs and charges, the sum of $689.09, which sum is adjudged to be a lien upon said real estate; and that in default of payment of said sum of money with accruing interest thereon, a special execution issue according to law directed to the sheriff of Miami county, Kansas, commanding him to advertise and sell said real estate, to satisfy said sum of money with accruing interest thereon, and all costs hereafter accruing."

To the foregoing findings, judgment and order, the defendants excepted. The court further adjudged that—

"The defendants have and recover of the plaintiff the costs herein accrued to the date hereof, amounting to the sum of $12.75, and that in default of payment execution issue against the plaintiff."

To the above judgment against him for costs, the plaintiff duly excepted, and thereafter filed his motion to modify the same, and give him judgment for costs against the defendants. This motion the court overruled, and also the motion for a new trial made by defendants. They bring the case to this court.

*W. H. Browne*, and *T. N. Sedgwick*, for plaintiffs in error.

*Beeson & Baker*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by George B. Chandler against William G. Krutz and others, to recover all that portion of the southwest quarter of section 4, in township 17, south, of range 23, east, and lying east of Bull creek, excepting six and six one-

hundredth acres belonging to the Missouri river, Fort Scott
& Gulf railroad company as a right of way — the plaintiff's
tract containing $146\frac{95}{100}$ acres.   It is admitted that in March,
1876, and subsequently thereto, Krutz owned the land in con-
troversy and had the actual possession thereof.   The land was
taxed for the year 1876, and the taxes not being paid, the land
was sold therefor to the plaintiff in September, 1877, and the
plaintiff having paid the subsequent taxes thereon for the
years 1877, 1878, and 1879, a tax deed was executed to him
on July 21, 1881, and was recorded on the same day.   It is
admitted that this tax deed was void, or rather voidable, as a
conveyance, for reasons not now necessary to state, and there-
fore that the judgment of the court below rendered in favor
of the defendant and against the plaintiff for the land is correct.
But the court below also and at the same time rendered a judg-
ment in favor of the plaintiff and against the defendant, ad-
judging the amount of the taxes with all the legal interest
and costs thereon paid by the plaintiff to be a lien upon the
land; and of this judgment the defendants below, as plaintiffs
in error, now complain and appeal to this court.   They claim
that the taxes should not be made a lien upon the land, for
the following reasons: (1) The description of the land in the
tax deed and the tax proceedings is indefinite and uncertain.;
(2) the assessor did not attach to his return of the assess-
ment of real property for the year 1876 any oath whatever,
as required by law; (3) the county charged up against the
land twenty-five cents for delinquent notice, when it paid only
four cents for such notice.

We do not think that the judgment of the court below is
erroneous, or that any of the irregularities mentioned by the
plaintiffs in error, defendants below, will relieve Mr. Krutz
from the payment of his taxes.   Everything was fair and just
and regular, except the above-mentioned irregularities.   The
land was assessed and taxed to Mr. Krutz each year in his
own name, his name being placed on the assessment roll and
on the tax roll each year as the owner of the land, and there
was not the slightest room for him to have been misled by the

description. The description of the land for the year 1876 is the most imperfect of all the descriptions, and is the one of which the plaintiffs in error, defendants below, principally complain. The description of the land for that year is as follows: "Pt. S.W. ($146\frac{94}{100}$ a.) section 4, township 17, range 23, in Miami county." The land was not assessed or taxed that year by any other description, and it was not assessed or taxed in any one of the other years, except by a single description, and it was always assessed and taxed to Mr. Krutz, and he has never paid the taxes for any of the years for which the plaintiff Chandler paid them. We think Mr. Krutz is bound to pay his taxes. He owned the land and had it in his actual possession, and it was assessed and taxed to him, and by a perfect description, except that the letters "pt.," meaning *part*, were used without any specific designation of the part of the quarter-section which was intended. But he owned nearly all the quarter-section, to wit, $146\frac{95}{100}$ thereof, and the description showed that $146\frac{94}{100}$ of the quarter-section was intended to be assessed and taxed, and assessed and taxed to Krutz, and evidently that much of the quarter-section could not have been assessed or taxed without assessing and taxing nearly all of the defendant's land. From this description he must have known that the larger portion of his land was in fact assessed and taxed, and that all was intended to be assessed and taxed. He could not possibly have been misled by the description. He knew that his land ought to be taxed, and he knew that he had not and did not pay his taxes on any part thereof. In connection with this case, see *Comm'rs of Jefferson County v. Johnson*, 23 Kas. 717; *Maxson v. Huston*, 22 id. 643, 644.

We think there is nothing in the case that will relieve Mr. Krutz from paying his taxes.

The judgment of the court below will be affirmed.

All the Justices concurring.