## H. D. BOOGE v. HALE RITCHIE.
### No. 49.

1. EJECTMENT—*Invalid Tax Deed—Rights of Holder.* In an action for the recovery of possession between the holder of a tax deed and the owner of the land, if the tax deed be adjudged invalid, the holder of the deed is entitled to recover, and the successful party should be adjudged to pay the full amount of all taxes paid on such land, with interest and costs as allowed by law up to the date of said tax deed, including the cost of such deed and the recording of the same, with interest on such amount at the rate of 20 per cent. per annum.

2. RECOVERY —*Improper Reduction of Amount.* In such action, it is not proper for the court to inquire into the correctness of the assessed valuation of the land for the purpose of showing the amount of taxes justly chargeable thereon and to reduce the amount of taxes recoverable by the holder of the invalid tax deed.

MEMORANDUM.— Error from Shawnee circuit court; J. B. JOHNSON, judge. Action of ejectment by H. D. Booge against Hale Ritchie. Judgment for defendant.

Plaintiff brings the case to this court. Reversed. The opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows :

On the 26th of October, 1888, the plaintiff in error commenced his action in ejectment in the district court of Shawnee county, Kansas (which was afterward duly transferred to the circuit court of said county), against the defendant for the recovery of certain real estate in said county under and by virtue of a tax deed. In 1884 the real estate in controversy was owned by defendant, and was subject to taxation. The taxes for that year not being paid, the land was, in 1885, at a regular tax sale, sold by the treasurer of Shawnee county to one C. D. Long, for the sum of $59.14. He shortly after, for the same amount, sold and assigned the tax-sale certificate to the plaintiff, to whom, on the 31st of September, 1888, was issued a tax deed.

Upon the trial of this cause by the said circuit court, on the 17th of June, 1891, the court found that plaintiff's tax deed was invalid and conveyed no title, and rendered judgment against him in favor of the defendant for costs of suit. The plaintiff moved the court at said trial for an allowance of the taxes paid by him, and that the defendant be adjudged to pay the same, together with the interest and costs allowed by law, amounting in all, at that time, to the sum of $160. On the hearing of this motion, the court, over the objection of the plaintiff, permitted the defendant to introduce testimony to show that the real estate had been assessed too high by the township trustee in 1884, and, as a result of such testimony, the court found that in that year the property did not exceed in value $260, and decided that the plaintiff should recover of

and from the defendant, on account of the taxes so paid by him, the sum of $9.40, instead of $160, which would be the amount due computed on the basis of the amount of taxes actually paid. There is no dispute about the full amount of taxes paid on such lands by plaintiff, and the court found that the amount paid was $59.14. There is no dispute about the amount of interest and the costs allowed by law.

The plaintiff excepted to the decision of the court, and filed a motion for a new trial, which was overruled, and excepted to, and he now brings the case here for review.

*Vance & Campbell*, for plaintiff in error.
*E. E. Chesney*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. : The errors assigned are : (1) The court erred in overruling the plaintiff's motion to be allowed the full amount of taxes so paid by him, with interest and costs allowed by law ; (2) the court erred in admitting testimony over plaintiff's objection to show the excessive assessment in 1884 by the township trustee ; and (3) the court erred in overruling plaintiff's motion for a new trial, and in rendering judgment for only $9.40, when, according to the law of the land, the judgment should have been for $160.

Paragraph 6996 of the General Statutes of 1889 reads as follows :

" If the holder of a tax deed . . . be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay to the holder of the tax deed . . . the full amount of all taxes paid on such lands, with all interests and costs as allowed by law up to the date of said tax deed, including the costs of such deed and the re-

cording of the same, with interest on such amount at the rate of 20 per cent. per annum.''

While the language of the statute is very broad, or, as was said in *Jackson v. Challiss*, 41 Kan. 258, the terms thereof are ''sweeping and vigorous,'' yet they mean precisely what they say, viz., ''that the party paying the taxes, or holder of a tax deed, when defeated in an action, shall be entitled to recover the full amount of taxes paid, with interest and costs as allowed by law.'' Not such portion of them as a court may years after reassess ; not a part of them, but the *full amount paid*. And the court had no authority to go back and hear evidence on the value of the real estate, and virtually usurp the office of township trustee for the time, and reassess the property to the prejudice of the purchaser, who is in no way to blame for the excessive assessment in the first place, even if it was fraudulent. What difference can it make to him what the reason is that renders his deed invalid? He innocently and in good faith invested his money on the assurance of the law that, should he be defeated in his title to the land for any reason, he should recover the amount he had invested, with interest and costs. And our supreme court has repeatedly and uniformly so held the law to be.

It is admitted that this land was subject to taxation for the year 1884. There was no dispute as to the amount of taxes paid, nor the amount of interest and costs as allowed by law. It was the duty of the defendant to pay his taxes, and, if they were erroneously assessed, it was his duty to have the mistake corrected in the way provided by law, or suffer the consequences of his neglect in the matter. As between him and a purchaser at a tax sale, he is the least innocent of the two and should be the one to suffer, if either. He

cannot say to a court of equity that he is free from blame. He has permitted his lands to be sold for non-payment of taxes, and to permit a court to play assessor at this late date, and leave the plaintiff, who has expended his money on the strength of the public record, without any remedy for the wrong done him, is certainly beyond equity and good conscience ; and if the decision in this case were permitted to stand as correct it would practically abrogate said paragraph 6996. In *Coonradt v. Myers,* 31 Kan. 31, the court says :

" In an action for the recovery of possession between the holder of a tax title and the original owner of the land, if the tax title is adjudged invalid, can the holder of such title recover all the taxes theretofore paid by him, with interest, or can he recover only those paid within three years prior to the commencement of the suit? This question must be answered in favor of the recovery of all taxes. . . . The theory upon which this court has acted, which is the general rule of construction in other states, and which is the obvious policy of our statutes, is to secure to the tax purchaser either the land, or his tax investment with its large statutory interest. In that way it compels the prompt payment of taxes by holding out large inducements to tax purchasers to invest upon the delinquencies of original holders."

Under the ruling of the court below, the plaintiff not only lost the land, but lost nearly all of his investment ; this through no fault of his, and in the face of a statute that expressly says he shall recover the full amount of taxes paid on such lands, with all the interest and costs, without the restriction of limitation of any kind or character. The position taken by the defendant in error is not only novel, but unauthorized by law. " Equity has no jurisdiction under its general power to correct merely unequal or

unjust assessments where there is a statutory board that may do so." (Cooley, Tax. [1st ed.] 528; *Rhoads v. Cushman*, 45 Ind. 85.) He has not attempted to take advantage of any of the remedies afforded him by statute. The county board of equalization is authorized at its meetings to correct and equalize the assessment made, and at such times the owner of such property has an opportunity for a hearing at which to contest the legality of the assessment; and the statute further provides a remedy by injunction to enjoin the illegal levy of any tax, charge, or assessment, or, if the levy has been made, to enjoin the collection, or any proceeding to enforce the same, if commenced within the time limited by law. None of these remedies had the defendant thought fit to invoke, but he has lain quietly by for more than six years without complaint. We think the plaintiff is entitled to all the taxes which he paid, and all interest and costs as allowed by law.

The judgment in this case will therefore be reversed, and the cause remanded with instructions to render judgment in accordance with the views herein expressed.

All the Judges concurring.