J. E. Barker, The Kansas City Trust Company and James M. Mason v. A. Mecartney and Lafayette Traber.

No. 670.    (62 Pac. 439.)

1. Judgments—*Material Change after Close of Term—Power of Court.* A court has no jurisdiction after the close of the term of court at which its judgment was announced to change materially the amount of the judgment.

2. Taxation—*Failure of Tax Title—Lien for Taxes.* Under section 205, chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7339), the holder of a tax deed who has been defeated in an action for the recovery of the land sold is entitled to a lien upon the premises for the full amount of all taxes paid on such lands, with all interest and costs as allowed by law. If the owner of real estate wishes to test the legality of any taxes levied upon his land, so far as their lien thereon is concerned, he must do so before the tax deed is issued.

Error from Wyandotte court of common pleas; W. G. Holt, judge. Opinion filed October 6, 1900. Reversed.

*C. W. Trickett,* for plaintiffs in error.

*L. F. Bird,* for defendants in error.

The opinion of the court was delivered by

Wells, J. : This action was originally begun by A. Mecartney, one of the defendants in error, against the plaintiffs in error, to recover the possession of certain real property. The action was founded upon an irregular and void tax deed, and upon the failure to establish title in the land a lien for the taxes paid was sought to be established ; this matter was taken under advisement by the court, and on October 2, 1897, its judgment was announced in favor of the plaintiff therein, and the following entry made on the trial docket : "Oct. 2, 1897, judgment for plff. for $191.27," and

Barker v. Mecartney.

the court furnished the clerk a journal entry, with the description of the property blank, to be filled in by the clerk of the court from the petition.  Said journal entry found a failure of the plaintiff's title but that he was the holder of a tax deed, and thereunder had paid taxes on said land, which with interest and costs amounted to $191.27, and rendered judgment for costs against the plaintiff and judgment in his favor against the defendants for said sum of $191.27.   An exception to this judgment on the part of the defendants was therein duly noted.   This journal entry was not copied upon the journal.   A motion for a new trial was filed and overruled on the same day, and time given to make a case for the supreme court.   Afterward, and during the month of December, 1897, and after the beginning of another term of said court, said form of journal entry was changed by the substitution of $288.69 for $191.27, as the amount of the tax lien for which judgment was rendered, and was entered on the journal of the court as changed, without any motion filed therefor or any notice of the change to the defendants ; and no exceptions were noted thereto.   A motion to expunge the recorded journal entry was afterward filed and overruled and a case made for this court.

We do not see any merit in the claim of the defendants in error that these proceedings should be dismissed or the judgment affirmed for the reasons set up in their brief, and shall not discuss the alleged reasons therefor in detail, but will examine the merits of the petition in error.

The first allegation of error is in rendering a personal judgment against the plaintiffs in error for the amount of taxes, interest and costs paid by defendant in error under his invalid tax deed.   This is admitted.

error ; the court had no authority to render a personal judgment. All that it could properly do was to declare a lien on the real property in question. The second error alleged is in changing the amount of the judgment after the expiration of the term at which it was rendered. This also was manifest error. The announcement of the decision of the court was its judgment; the notation on the trial docket and the final entry in the journal are simply evidences of what the judgment was, and these must correspond with the judgment actually rendered.

The fact that no journal entry was recorded during that term of court does not change the rule of law as to how judgments may be changed or modified. The entry, when recorded, relates back and is the judgment of the court as of the time it was announced.

The next contention is that the description in the tax deed and in the proceeding leading up to it is so defective that no property can be located. The only answer this requires is that the plaintiff below brought his action to recover the land described in the tax deed; the defendants said they were the owners thereof and. that the plaintiff had no title thereto. After doing this we do not think they are in a position to challenge the sufficiency of the description. As to the right to a lien for taxes paid on defective description, see *Krutz v. Chandler*, 32 Kan. 659, 5 Pac. 170.

The only other question we think it necessary to consider in this case in its present condition is : What taxes are referred to in section 205, chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7339) ? Is the holder of the tax deed entitled to recover all the taxes paid by him whether the same were legally levied or not, or can he recover only such part of the

taxes paid by him as were legally levied upon the land, with interest and costs?

This is an important question and it does not seem to have been squarely decided by our supreme court, although we think it has been decided in substance several times.   Said section reads:

"If the holder of a tax deed or any one claiming under him by virtue of such tax deed be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay to the holder of the tax deed, or the party. claiming under him by virtue of such deed, before such claimant shall be let into possession, the full amount of all taxes paid on such lands, with all interest and costs as allowed by law up to the date of said tax deed, including the cost of such deed and the recording of the same, with interest on such amount at the rate of twelve per cent. per annum, and the further amount of taxes after the date of such deed, and interest thereon at the rate of twelve per cent. per annum."

It is contended by the plaintiff in error that the statute means by "all taxes paid" all legal taxes paid, but we do not think it should be so modified.   As was said by this court in *Booge v. Ritchie*, 2 Kan. App. 717, 43 Pac. 1145:

"While the language of the statute is very broad, or, as was said in *Jackson v. Challiss*, 41 Kan. 258, 21 Pac. 92, the terms thereof are 'sweeping and vigorous,' yet they mean precisely what they say, viz., 'that the party paying the taxes, or holder of a tax deed, when defeated in an action, shall be entitled to recover the full amount of taxes paid, with interest and costs as allowed by law.'   Not such portion of them as a court may years after reassess; not a part of them, but the full amount paid.   And the court had no authority to go back and hear evidence on the value of the real estate, and virtually usurp the office

of township trustee for the time, and reassess the property to the prejudice of the purchaser, who is in no way to blame for the excessive assessment in the first place, even if it was fraudulent. What difference can it make to him what the reason is that renders his deed invalid? He innocently and in good faith invested his money on the assurance of the law that, should he be defeated in his title to the land for any reason, he should recover the amount he had invested, with interest and costs.''

In *Krutz v. Chandler*, 32 Kan. 659, 5 Pac. 170, the supreme court came very near deciding the identical question at issue in this case. There the description of the land was indefinite and uncertain, the assessor did not attach the oath required by law to his return, and an illegal fee was taxed as costs, and yet the taxes, interest and costs paid were held to be a lien upon the land. Substantially the same questions were raised and conclusion arrived at in *Jackson v. Challiss*, 41 Kan. 247, 21 Pac. 87. In *Coonradt v. Myers*, 31 Kan. 35, 2 Pac. 860, Brewer, J., says:

''Counsel for plaintiff in error have cited cases decided in this court in which, upon failure of the title, all taxes and interest have been awarded to the purchaser. This has been heretofore the understanding, not merely of this court, but of the profession in general, to be the true interpretation of the statute, and we think it to be the correct one.''

In *Belz v. Bird*, 31 Kan. 139, 1 Pac. 246, it was held ''that the taxes which the plaintiff has paid upon the property are a lien thereon, and the property may be sold to satisfy the same.''

There have been cases before the supreme court in which the trial court had excluded from the lien certain illegal taxes and that matter has been referred to, but with no intimation that such taxes were properly excluded.

A careful consideration of the section of the statute referred to and of all the decisions of the supreme court bearing thereon leads us to the conclusion that, when the legislature said "all taxes paid," they meant just what they said, taken in the common and usually accepted meaning of the words, and this conclusion is in harmony with what we conceive to have been the object desired to be accomplished by the law referred to.

It is no hardship for the owner of the real estate to be required to test the legality of any taxes he may think have been illegally levied thereon before the issuance of a tax deed; the courts are open to him for that purpose; and if he fails for so long a time to bear his just and legal share of the public burden he has no cause for complaint that he cannot afterward be allowed to contest the legality of the taxes levied.

For the errors set up in the first and second allegations of error, the judgment is reversed and a new trial of the issues herein awarded.

McElroy, J., concurring.

Mahan, P. J., dissenting.