B. A. McAllaster v. Razer E. Polenqueen, The American Investment Company, B. N. Simpson, and D. C. Middlecoff.

**No. 742.    (62 Pac. 440.)**

Taxation — *Invalid Tax Deed — Recovery of Illegal Taxes.* Where a tax title is set aside, the holder of the tax deed is entitled to recover all the taxes paid by him, whether the same were legally assessed or not, since, if the owner desires to test the illegality of the taxes assessed against him, he must do so before a tax deed is issued on a sale therefor.

Error from Wyandotte court of common pleas; W. G. Holt, judge. Opinion filed October 6, 1900. Affirmed.

*Thos. J. White*, for plaintiff in error.

*Trickett & Dail*, for defendants in error.

The opinion of the court was delivered by

Wells, J. : While there are six allegations of error set up in the brief of the defendants in error on cross-petition, it was admitted in the oral argument that the only real question involved is the one previously

McAllaster v. Polenqueen.

considered by us in *Barker v. Mecartney*, ante, p. 130, 62 Pac. 439 : "Is the holder of a tax deed entitled to recover all the taxes paid by him, whether the same were legally levied or not, or can he recover only such part of the taxes paid by him as were legally levied upon the land, with interest and costs ?" This case is an extreme one, as it appears to include in the sum for which the land was deeded a large amount of illegal taxes, and upon first view it seems unjust that the property should be held for taxes that ought not to have been levied upon it. From the same point of view, it seems unjust that a person should lose what is owing him for the reason that he has been kind to the debtor and allowed his account to remain unpaid for more than the time provided by the statute of limitations. These are matters wherein the good of the many is paramount to the interest of a few. It is the duty of every person receiving the benefits of a government to contribute promptly his share to the maintenance thereof, and the government has a right to compel this contribution from the unwilling by such proceedings or penalties as may be necessary to accomplish the purpose, and it is not an unreasonable requirement that if the property holder desires to test the validity of any of the taxes levied he must do so before a tax deed is issued thereon. An adoption of the rule contended for by the plaintiff in error would render the lien of the tax-sale purchaser so precarious that no one would be willing to invest, and the collection of the revenue for the maintenance of the government would be seriously impeded.

The judgment of the court of common pleas is affirmed, and the costs in this court taxed to the defendants in error.

McELROY, J., concurring.

MAHAN, P. J., dissenting.