[No. 3340.   Dec. 20, 1930.]

[Rehearing Denied Feb. 7, 1931.]

WILLIAMS v. VAN PELT.

[295 Pac. 418.]

Keith W. Edwards, of Ft. Sumner, for appellant.

H. R. Parsons, of Ft. Sumner, for appellee.

OPINION OF THE COURT

SIMMS, J.

After a rehearing, we have concluded to withdraw the original opinion, and it is so ordered.

In the year 1919, one James W. Tinkle received from the government a patent to the land here involved. It was assessable for taxation for the year 1920, but he failed to return it. The assessor made up the roll and placed thereon the land in question, with penalty for nonrendition, and delivered the roll to the treasurer. He failed to "take, subscribe and attach" to the roll the oath required by section 5464, Code 1915. The taxes were not paid. By chapter 133, Laws of 1921, the Legislature permitted suits to be brought and judgments rendered for delinquent taxes of prior years. Section 478. This act became effective March 12, 1921. Later in the summer of that year suit was brought for delinquent taxes of 1920 under that act. Service by publication was had, and Tinkle filed no answer

nor did he appear. On October 29, 1921, judgment in rem was rendered against his land, along with that of others, adjudicating the validity of the tax, its nonpayment and delinquency, and ordering sale which was made December 10th and confirmed December 20th following. The county was the purchaser and received the certificate of sale required by statute. On July 14, 1924, about two years and a half after sale, Tinkle and wife, by deed acknowledged in Texas, sold the land to Williams, who recorded it within a week. He did nothing about redeeming the land. Thus matters stood until January 2, 1926, over four years after the sale, when appellant Van Pelt bought the certificate from the county. On the same day, the treasurer sent a letter addressed to Tinkle at his last known post office address, informing him that he had on that day sold the certificate to Van Pelt, giving the land numbers and amount of taxes and interest, and advising him that redemption had expired January 18, 1925. In April, 1926, Van Pelt applied for and received a tax deed from the treasurer, without giving by registered mail or publication the notice required by section 453 of the act of 1921. In 1927 Williams commenced suit to quiet title, in which Van Pelt answered, denying plaintiff's title and by cross-complaint set up his own title and prayed that it be quieted. The trial court held that the tax title was void because of the assessor's failure to verify the roll and by reason of the appellant's failure to give the notice of application for the tax deed, and entered judgment for the appellee, Williams; and Van Pelt, who held the tax title, appealed.

Appellant contends that the statute (section 5464, Code of 1915) which directs the assessor to take, subscribe, and attach an oath to the assessment roll was directory, merely, and that a failure to comply with its terms was not fatal to the validity of the tax. There are decisions which support this view. State v. Timbrook's Estate, 240 Mo. 226, 144 S. W. 843; Board of Commissioners v. Field, 63 Okl. 80, 162 P. 733, and cases cited therein; Krutz v. Chandler, 32 Kan. 659, 5 P. 170; Wallapai Mining & Development Co. v. Territory, 9 Ariz. 373, 84 P. 85, and cases cited therein; Cooley on Taxation (4th

Ed.) § 1172, note 81. Appellee insists that the statute is for the protection of the taxpayer and cites authority holding that it is mandatory. Cooley on Taxation (4th Ed.) § 1172. Both parties agree that the validity of the tax is to be determined by the law in force when it was assessed. Such we understand the rule to be. That law was section 5464, supra, and chapter 80, Laws of 1917, section 10 of which provides that judgment in a tax suit shall cut off all defenses which existed at the time of its rendition, except the two of nonliability for taxation and payment. In Pace v. Wight, 25 N. M. 276, 181 P. 430, and in Manby v. Voorhees, 27 N. M. 511, 203 P. 543, we discussed the fundamentals or essentials of taxation which must be present in order for the tax to be valid and said that curative provisions, such as section 10, supra, were not intended to cut off and could not cut off defenses based upon the absence of these essentials. It thus becomes apparent that the question presented in this case is not to be determined by labeling the requirement for verification by the assessor as "directory" or "mandatory," but must be decided by ascertaining whether or not the requirement for verification partakes of the nature of an essential of taxation, which the Legislature was powerless to eliminate as a defense to the judgment. While the requirement for verification no doubt is for the protection of the taxpayer, it is, nevertheless, merely the expression of a legislative policy and could have been dispensed with altogether had the lawmakers chosen so to do. We can not see how it is in any way related to the fundamental or basic requirements of taxation and feel constrained to hold that, since it is not an essential, it falls within those things which are concluded by the judgment in the tax suit under section 10, chapter 80, Laws of 1917. The trial court was in error in holding that the tax was void.

The next question is whether the court had jurisdiction in the tax suit. It was brought in the summer of 1921, under chapter 133, Laws of 1921, which became effective March 12th of that year for the taxes of 1920, as was permitted by section 478 of the 1921 law. The complaint was filed under section 421 of that statute, which provides, in substance, that the assessor and treasurer

shall, jointly, annotate the assessor's duplicate copy of the assessment roll by marginal notations, or otherwise, showing what property is delinquent and file the same in the district court and "so much thereof as shall show delinquent unpaid taxes on real property for said year shall have the effect of a complaint and the institution of a suit in rem." Appellee contended that, as the roll was originally unverified, it was void and could not be used as a complaint, since it was a nullity. But he finds no support in the statute itself for this position. The whole of the roll is not the complaint; only so much of it as shows, with marginal notations or otherwise, delinquency of real property, is the complaint. Manifestly this is but a simple, effective, and labor-saving method adopted for presenting delinquents for suit without the necessity of recopying the names and descriptions of property, and for avoiding errors in transcription. The statute does not require either the assessor or the treasurer to verify the complaint thus prepared, and verification was not necessary. Since there is no question made of lack of service by publication, the court had jurisdiction to render the judgment in rem against the land, and to order a sale thereof to satisfy the delinquent taxes.

The final question in the case is whether the tax deed was void for failure to comply with the provisions of section 453, c. 133, Laws of 1921, which requires the applicant for deed to give thirty days' notice by registered mail or by publication of his intention to apply for it. This involves a decision of two questions: (a) What law governed the application for the deed, and (b) if the 1921 Act governed, what was the effect of obtaining a deed without complying with section 453 of that statute?

(a) It seems to be conceded by the parties, and we understand the rule to be, that the law in effect at the time of sale governs the matter of redemption and acquiring title after failure to redeem. Cooley on Taxation (4th Ed.) par. 1384. Appellee insisted below, and the court held, that the statute of 1921, under which the sale was made, governed the matter. This is correct. When the 1921 Act became effective March 12, 1921, the first half of the taxes of 1920 were past due, but the last half was

not yet payable. Under such circumstances, the Legislature had the undoubted power to change the procedure for enforcing delinquent taxes and to make that procedure applicable to the taxes for 1920. There had been no sale and consequently no right of redemption had arisen. Sales to be thereafter made were within the prospective scope of the act whether they were for past or future years. The taxpayer whose property had not been sold prior to the passage of the statute had no vested right in the former procedure to enforce collection. He was not yet the subject of suit. He could avoid sale by paying what the law required. He could insist that the validity of the assessment should be determined by the law in force when it was made. And the law so provided. Section 478, c. 133, Laws of 1921.

(b) Coming to the effect of section 453 of chapter 133, Laws of 1921, we find that it provides for thirty days' notice of intention to apply for a deed and makes that notice and proof of giving it a condition precedent to receiving the deed from the treasurer. The notice was not, in fact, given. The trial court held that the deed was void. In arriving at the intent and meaning of the statute, we cannot ignore other provisions of the act. Section 442 gives a tax sale certificate, when recorded, the effect of vesting complete legal title in the purchaser subject to redemption as provided by law, and states that counties shall be deemed purchasers within the meaning of the act. Section 449 allows redemption within three years from the date of sale, and specifies that interest shall be computed at a certain rate for thirty-six months and no more.

It is significant that section 453, requiring notice of application for tax deed, does not contain a provision extending the period of redemption until the notice is given. Many statutes of similar kind in other states do contain that provision. In its absence, and in the face of the positive terms of the act, we must conclude that the purpose of the notice given after redemption has expired is not to extend the time of redemption, but is to permit the former owner to avail himself of the two grounds of assault upon

the tax title allowed him by the act. Section 435 reads, in part, as follows:

"* * * And no bill of review or other action attacking the title to any property sold at tax sale in accordance with this act shall be entertained by any court, nor shall such sale or title be invalidated by any proceedings except upon the ground that the taxes, penalties, interest and costs, had been paid before the sale, or that the property was not subject to taxation."

We have discussed this provision in Maxwell v. Page, 23 N. M. 356, 168 P. 492, 5 A. L. R. 155.

In the present case, it is admitted that the land was subject to taxation, and that the taxes were not paid for 1920. Sale was made in 1921 and the county held the certificate until January, 1926, when appellant bought it. Redemption had not been made within three years from the date of sale and the time had expired. Appellee, as vendee of the former owner, had, at the time deed was demanded and taken in the spring of 1926, no valid ground upon which he could have attacked the tax title or prevented the issuance of the deed. This being true, the treasurer's error in not requiring the notice to be given, and proof thereof made did not deprive appellee of any substantial right, nor affect the validity of the deed. This is not a case where the deed was issued before the right of redemption had expired; its issuance was not premature, although irregular.

We conclude that the judgment should be reversed and the cause should be remanded, with directions to enter judgment for appellant upon his cross-complaint, quieting his title as prayed therein; and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and CATRON, JJ., concur.