16 P.(2d) 60

**WITT v. EVANS et al.**
No. 3649.

Supreme Court of New Mexico.
July 28, 1932.

Rehearing Denied Nov. 29, 1932.

J. B. McGhee and J. C. Gilbert, both of Roswell, for appellant.

G. L. Reese, Jr., and Powhatan Carter, both of Lovington, for appellees.

WATSON, J.

Witt sued to quiet title. The named defendants suffered default, but Cowden, an unknown and unnamed defendant, answered the complaint, generally denying its allegations, and by cross-action sought to quiet his alleged title.

By the judgment appealed from Witt's tax title was disallowed and Cowden's title was quieted.

Appellant offered in evidence an abstract purporting to exhibit proceedings upon tax levies for 1921 and 1922, culminating in a tax deed dated May 10, 1927. The abstract was admitted without objection except as to the entry of the deed. That was excluded, as well as the conveyance itself when subsequently offered.

The proceedings were under the 1921 tax statute, chapter 133, and this decision will be controlled by it. All succeeding statutory references will be to sections of that chapter. Appellant's deed is based on two sales, either of which, if sustained, will support his claim. We shall consider only the 1921 tax.

■ The exclusion of appellant's deed and the resulting judgment were evidently based upon appellant's inability to prove the giving of thirty days' notice of intent to apply for the deed. Section 453. Under recent decisions a tax deed is not void nor inadmissible for that reason. Williams v. Van Pelt, 35 N. M. 286, 295 P. 418; Baker v. Johnson, 35 N. M. 293, 295 P. 421.

■ Error in rejecting the deed is not specifically assigned in appellant's opening brief as a point relied on for reversal. It is, however, the only matter presented under the proposition "the court erred in holding the plaintiff had failed to establish the material allegations of his complaint, and that he was the owner of the property involved herein." Neither appellee nor this court could possibly be misled. So we find nothing to invoke discretion to decline to consider the question. N. M. App. Proc. Rule XV, § 1. We do not wish to be understood as approving such loose statement of propositions as we find here. Under our rule-making power, we have attempted, by abolishing assignments of error, to avoid the unfortunate results which sometimes followed defective assignments. The "points relied upon for reversal" serve the same practical purpose, and should be stated with the same precision. The success of the liberal policy ventured by our present rules will depend upon the co-operation of counsel.

■ The deed in question is not in the form included in section 452. Appellee urges that this justified its exclusion, or, at least, deprived it of its force as prima facie evidence, as specified in section 455.

The county treasurer, in his official capacity, is named as grantor. This we consider an unsubstantial matter. Baker v. Johnson, supra; Eaves v. Lowe, 35 N. M. 610, 5 P.(2d) 525.

The deed recites as follows: "That, Whereas, the party of the second part has presented to the party of the first part a certificate of sale, bearing date the 1/27 and 12/5 A. D. 1923, and executed by D. C. Berry, Treasurer

and ex-officio Collector of the County aforesaid, which certificate contains a description of property sold, the same as hereinafter set forth, and states that the same was assessed against E. B. Evans; That one Hundred Ten 93/100 Dollars was the amount paid therefor; that it was sold for taxes; that the amount and year for which taxes were assessed were for the years 1921 and 1922 dollars [1] and $66.82, that the amount of interest, penalties and costs was $44.11 dollars; that the date of sale was Jan. 27, and Dec. 5th; that the consideration or amount paid at such sale was $74.32 dollars; and that the purchaser at said sale was Lea County, and said tax sale certificate issued therefor were on March 28, 1927, duly assigned for Charles G. Witt, party of the second part herein."

As will be observed, the only variance between this and the prescribed form which would strike one as substantial is the failure to make reference to the judgment.

Appellee argues that, in the absence of statute, a tax deed is admissible in evidence only after proof of regular prior proceedings; that, if the statute makes the deed prima facia evidence of title, the deed itself must contain recitals of proceedings sufficient to pass title; and that, if a form of deed is prescribed by statute, a substantial variance therefrom will destroy its evidentiary value, if not its validity.

We need not question that these are sound principles as applied to the general run of taxation systems. Our 1921 act, however, is

[1] So in transcript.

in a class by itself, as this court has discovered through travail.

Under the statute in question, the deed is of slight importance. The sale itself, applicable from recordation of the certificate, divests the owner of legal title, leaving him a mere right of redemption. Section 442. The right to redeem from the tax here in question lapsed not later than January 27, 1926. Williams v. Van Pelt, supra; Knollenberg v. State Bank, 35 N. M. 427, 299 P. 1077. On that date the county had "complete legal title," which, on March 28, 1927, it passed to appellant by assignment of the certificate. Evidently the office of the deed was not to pass a legal title which the grantee already had, nor to divest the original owner of a title which he had already lost. It was preserved in the system as a conventional muniment of title, as prima facie evidence of certain facts, and (originally, but not after repeal of section 458 [Laws 1925, c. 102, § 28]) to prevent reversion of title to the original owner on failure to demand deed within six years.

Moreover, section 455, making a tax deed prima facie evidence of certain facts, is of slight, if any, importance. Section 435 renders tax sales and tax titles impervious to attack, except upon the grounds that the land was not subject to taxation, or that the taxes had been paid. This we have held to mean just what it says. Williams v. Van Pelt, supra; Moore v. National Bank, 35 N. M. 300, 295 P. 424; Knollenberg v. State Bank, supra. By section 455 a deed is made prima facie evidence of facts, which, under section

435, it is not necessary to prove, and unavailing to disprove. Giving full effect to section 435, as we have consistently done, section 455 seems equally useless and harmless. This and other incongruities in this statute apparently result from assembling in a single act isolated sections from earlier statutes representing divergent policies.

If the deed in question were void, it would not alter the fact that, as assignee of tax sale certificates, appellant holds "complete legal title" to the land. That status, if not sufficient to enable him to quiet his own title, would at least prevent his adversary from quieting his. The issuance of a void deed would not be fatal to his title. He would still be in a position to demand a valid deed.

Thus considering the office of the deed, the relation of the parties to the title, and the lengths to which the statute goes to cure defects, it is impossible to give great force to section 452, prescribing form and recitals. The original owner whose title has been divested and whose right of redemption has lapsed cannot urge that no judgment was rendered against the land. It follows that he cannot urge that the deed fails to recite the rendition of judgment.

Appellee also urges that, by exhibiting the abstract purporting to disclose the tax proceedings, appellant assumed the burden of proving their regularity. But what we have said demonstrates that placing the burden of proof does not settle the matter. The real question is the nature of the defect disclosed.

If it is not an "essential of taxation" (Williams v. Van Pelt, supra), or if it appear that the lands were not subject to taxation, or that the taxes had been paid (section 435), the title will fail. Other defects will be immaterial.

We thus conclude that it was error to reject the deed.

What we have said disposes of appellees' other contentions.

When this cause was tried, the recent decisions herein cited had not been handed down. Those decisions were arrived at with difficulty. In most of them certain provisions of this remarkable statute could be and were urged, not without reason, in support of a contrary contention. From a comprehensive view of the act, and despite indications to the contrary, we concluded that it was the legislative intent to maintain the validity of tax titles as against all irregularities and defects, and strictly to limit the defenses of the original owner to the "essentials of taxation," and to the matters preserved to him in section 435. That view of the statute is fatal to appellee's position and to his judgment.

The judgment must be reversed. The cause will be remanded, with a direction to enter judgment for the appellant. It is so ordered.

BICKLEY, C. J., and SADLER, J., concur.

PARKER and HUDSPETH, JJ., did not participate.

On Motion for Rehearing.

WATSON, J.

On this motion appellee ably urges that we have either assumed erroneously that appellant made proof of the "essentials of taxation," or have dispensed with these essentials; that we have erred in holding that a tax sale certificate, the validity of which is not established, is a defense against a cross suit based on the original title; and that we have in effect held erroneously that a valid tax title may be established by production of a tax sale certificate. A word further may be helpful.

We hold that appellant presented legal prima facie proof of the essentials of taxation. His tax sale certificate was received in evidence without objection. It vested in him "a complete legal title." Laws 1921, c. 133, § 442. It is the appropriate evidence of a "sale or title," unassailable except on the stated grounds (section 435), or other ground disclosing "essential" defect. "To say that a conveyance shall stand until it is overthrown, is to invest it with the character of prima facie evidence." Greene v. Williams, 58 Miss. 752.

The deed vests "a perfect and complete title in fee simple." Section 452. The principal if not the only difference between the title under the certificate and that under the deed is that the former is subject to redemption.

Since the sections just mentioned necessarily constitute both certificate and deed prima facie evidence of title, it is a matter of no importance that another section (455) expressly gives the deed the quality of prima facie evidence, and a matter of equal unimportance that the certificate is not expressly so endowed.

Viewing the matter thus, we have felt constrained to hold that section 452, in so far as it prescribes the form of tax deeds, is directory. Appellant's deed shows on its face the issuance of the certificate and the lapse of the time allotted for redemption. Its failure to recite the nonessential fact of the rendition of judgment does not destroy it as conveyance of title or as proof.

Whether a certificate alone, plus affirmative proof of failure to redeem, would support a judgment quieting title, is a question not arising in this case and to be postponed until it shall arise.

The motion for rehearing must be overruled.

BICKLEY, C. J., and SADLER, J., concur.

HUDSPETH and NEAL, JJ., did not participate.