[No. 2878.   Sept. 15, 1923.]

## BOARD OF EDUCATION OF CITY OF ALBUQUERQUE V. McRAE.

### SYLLABUS BY THE COURT

Sections 621 and 622 of chapter 148, Laws 1923, **held** not to be operative for the collection of poll taxes for the year 1923. Former legislation as to poll taxes and the remedies for their collection **held** to be in force for the present year.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by the Board of Education of the City of Albuquerque against Louis A. McRae. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

Marron & Wood, of Albuquerque, for appellant.

Summers Burkhart, of Albuquerque, for appellee.

### OPINION OF OHE COURT

PARKER, C. J.   This is an action to recover $2 as poll tax under the provisions of chapter 148, Laws 1923, and which resulted in judgment for the appellee, from which appellant has appealed. The act mentioned was approved by the Governor March 13, 1923, and, by virtue of the emergency clause therein contained, became at once operative, in so far as the same could be made applicable. The act contains the following sections:

Sec. 621. All able bodies (bodied) persons resident of the state, between the ages of 21 and 60 years, shall annually pay a poll tax of two dollars ($2.00) each, between February 1st and April 15th."

"Sec. 622. The clerks of the rural school districts and the clerks of independent and municipal boards shall prepare lists of persons in their district subject to said tax and post a copy thereof in some conspicuous place in the district prior to February first. They shall collect from every person liable to such tax the sum of two dollars ($2.00) each, giving consecutively numbered receipts and returning consecutively numbered stubs therefor and make full report thereof on April 16th, to the county treasurer, at which time they shall remit to such treasurer for the credit of the district the tax so collected, less $1.00 per hundred of genuine poll tax payers' names on the said list and ten per cent. of the amount collected, as their pay and commission for services rendered. They shall also at said time make full report thereof, to the county school superintendent and such further reports as the county school superintendent shall require. The district attorney, upon request of any person or school authority shall bring suit against any delinquent hereunder, in the name of the school district and no property shall be exempt from execution in said suits."

It appears that the Legislature, by this legislation, made a radical departure from the former law in regard to poll taxes, the act laying a poll tax upon both men and women having the specified qualifications. Theretofore a poll tax of $1 was laid upon male citizens only, and it was provided that the same should be collected by suit if not paid within 60 days after the posting of a list of persons liable to the tax, which was to be posted on the first Monday in February of each year, by the clerks of the various school districts in the state. See section 34, c. 105, Laws 1917. This posting of such list, presumably, had been done by the various clerks throughout the state on the first Monday of February, 1923, as they were required to do by law. Forty of the 60 days within which payment of the tax might be made without action had run, when the present law received the executive approval. It repeals specifically said chapter 105, Laws 1917, along with many other previous statutes.

The question is, therefore, whether the present act was intended by the Legislature to become operative during the present year in respect to poll taxes, or whether the circumstances, taking into consideration the situatoin at the time of the passage of the act under

the previous legislation, and the provisions of the present act itself in regard to its administration, indicate the legislative intention that it shall not go into operation until next year.

In the first place, it is to be noticed that a poll tax had been levied upon all persons liable thereto at the time the present act was passed. Section 34 of chapter 105, Laws 1917, itself levied the tax and provided for its collection by action after 60 days following the posting of the list by the clerk. The argument of counsel for appellee to the effect that there is nothing which prohibits the Legislature from increasing the tax from $1 to $2 is to be admitted if, indeed, it is so intended. But the situation of there being a poll tax levied for the present year upon certain classes of persons strongly indicates a legislative intention not to disturb such tax, or to include other persons not theretofore taxable, especially in the absence of some direct words to that effect.

The provisions for the administration of the present law argue strongly against its application to taxes for this year. By section 622, supra, it is provided that the clerks shall before February 1 in each year post a list of persons liable to the tax who may pay without action, at any time before April 15th following, and who are thereafter subject to action. It may be true that the posting of the list is not jurisdictional, the act itself laying the tax, as is argued by counsel for appellee, but which we do not decide; still it can hardly be said that the Legislature intended to have the law enforced without the posting of such lists, and this cannot be done until February 1st of next year. The clear intent must be that such posting must be made prior to the enforcement of the tax; otherwise the provision would not have been inserted.

It is argued by counsel for appellee that, since the former law was specifically repealed, if the present act is not to at once become operative, there will be no law for the collection of the poll tax during the present

year, a condition of affairs not to be contemplated as within the legislative intent. If the repeal of the former law is to have operation and effect, as argued by counsel, his conclusion would be correct. But, under the provisions of section 32 of article 4 of the state Constitution, the repeal of the former act could not be allowed to have the effect claimed for it by counsel. This section of the Constitution prohibits the remission, release, or postponement of any obligation of any person to the state or any municipal corporation.

The poll tax had been levied upon all persons liable thereto under the provisions of the former act before the repealing clause was enacted. To allow the repealing clause to remit or postpone the tax would be to allow the same to violate this constitutional provision. The tax of $1 upon the specified persons levied under the former act, therefore, remains a valid tax, and the provisions for its collection remain in full force during the present year.

In thus disposing of this case we are not unmindful of the necessities of the public schools and the desirability, if possible, of sustaining the immediate operation of the new act, whereby the poll tax is doubled in amount, and the number of persons liable to pay the tax would likewise be doubled, thus increasing the revenues from this source fourfold. But such a result, unfortunately, cannot be reached.

It follows from all of the foregoing that judgment of the lower court was erroneous, and should be reversed and the cause remanded, with directions to dismiss the complaint; and it is so ordered.

BRATTON and BOTTS, J. J., concur.

---

[No. 2828.   July 17, 1923.]
[Rehearing Denied Sept. 29, 1923.]