[No. 3253. Nov. 9, 1927.]

AMERICAN NAT. INS. CO. v. BROWN.

[261 Pac. 810.]

Hall & McGhee, of Clovis, for appellant.

Rowells & Havener, of Clovis, for appellee.

## OPINION OF THE COURT

WATSON, J. Appellee purchased a tax sale certificate from the county, in due time obtained a tax deed for the property, and brought suit to quiet title. Appellant, one of the defendants, a mortgagee of the property, defended on the ground, and here contends, that there was no valid sale. The proceedings were under chapter 133, Laws of 1921.

In the statutory suit to adjudicate the tax liens, and to foreclose the same by sale, the district court rendered judgment, in which he recited the proceedings, the default of the defendants, and the hearing of the evidence, found that all persons and owners named in the delinquent tax roll had failed to pay the taxes, adjudged a valid lien "against each and every piece of property," and further ordered:

"* * * That the county treasurer * * * forthwith and upon the receipt of the order of this court, and within 40 days thereafter, sell all the property upon which taxes are delinquent, as shown by the delinquent assessment roll for the year 1921. * * *"

The contentions are (1) that the judgment was not intended as an order of sale, but contemplated a further and separate order; and (2) if it was so intended, it was insufficient, in that it failed to describe the particular land and to designate the amount to be satisfied by the sale thereof.

We need give little attention to the first point. Unless, by the statute, a separate order of sale is required, or the

order of sale, whether separate or embodied in the judgment, must contain a description of the property and the amount to be satisfied, we connot doubt that the language above quoted sufficiently directs a sale, and that it was the intention of the court so to do. This conclusion puts us to an examination of the pertinent provisions of said chapter 133.

It appears from said chapter that the assessor's retained copy of the assessment roll, made, by marginal notes or otherwise, to show the nonpayment of taxes on real estate, so prepared and filed jointly by the assessor and the treasurer, is the only required complaint (section 421) ; that this delinquent tax roll, so filed as a complaint, gives the court jurisdiction over the property (section 423) ; that the court's judgment may consist merely of a notation, "Judgment in rem," on the margin of the roll opposite the several descriptions, or he may render formal judgment "adjudicating and decreeing the validity of and foreclosing the lien" (section 428) ; that such judgment or judgments shall be construed "as a several judgment in rem against each tract or parcel or piece of property or part thereof for the tax assessed against the same, as appears from the complaint, * * * and the court shall issue an order directing and requiring the county treasurer to sell at public auction as by this act provided, all property included in said complaint upon which judgment in rem is given" (section 437) ; that, "upon receipt by the treasurer of the order of the court so directing and requiring him, such treasurer shall forthwith, and within 40 days thereafter, sell all property included in said order at public auction" ; and that "after the making of such sales the county treasurer shall make report thereof to the district court, and the court shall thereupon confirm the same, if no good reason for disaffirmance is shown" (section 440). Neither the summons (section 424), nor the notice of sale (section 438), is required to contain the delinquent list.

Such being the statutory procedure, we see no good reason for holding that there must be a separate order of sale, where the court has chosen, as in this case, to enter formal judgment. Of course, where the only judgment is

the permitted notations upon the roll, there is reason for urging that an order of sale should be made in addition.

Nor do we think it is required under this statute that a formal judgment rendered, or an order of sale, whether separate or embodied therein, contain a list or schedule of the several parcels upon which liens are adjudged, their respective owners, or the several amounts to be realized by sale thereof. Such schedule is on file as the complaint in the case, and we think it was intended that the same should be sufficient for all purposes, and that all parties and officials concerned should take notice thereof. The language and substance of the sections above referred to, we think, warrant this conclusion. Comparing present procedure with former systems prescribed in this state, we are, moreover, impressed with the purpose of the Legislature to simplify the procedure and to dispense with former laborious and expensive requirements.

Under earlier statutes it has been necessary to present to the court, as or in connection with the complaint, a separately prepared delinquent tax list. It has been required that said list be published in connection with citation. The 1917 act (chapter 80, § 5) prescribed the form of order to be issued to the treasurer, from which it appears that the delinquent list was to be included in the copy of the judgment to be attached to the order. Such requirements obviously tend to delay, increase the expense of the proceedings, and give opportunity for errors resulting in uncertainties as to the validity of the sale. None of them are essential to valid proceedings, and the Legislature has wisely dispensed with them.

We conclude that the judgment is not objectionable on the grounds urged, and is in substantial compliance with the statute. Appellant's defense in the suit to quiet title was therefore properly overruled. The judgment will accordingly be affirmed and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.