## Frederick D. Vos v. Hendrick Dykema.

*Summary proceedings for possession of land: Assignee.* Under our statute (*Comp. L., 1871, ch. 211*), providing a summary remedy against persons holding lands contrary to the conditions or covenants of executory contracts of purchase, an assignee of the vendor may institute the proceedings, as well as the vendor himself.

*Deed: Title to real estate.* An objection to the introduction in evidence in such a case, of a deed from the vendor to the complainant, that it involved the trial of titles to real estate, is not tenable; the validity or sufficiency of the deed may be questioned, it is true, but only as a transfer of the contract, and not as a conveyance of the title.

*Warranty deed: Contract of purchase: Assignment: Evidence.* An absolute warranty deed from the vendor, operates as an assignment of all his rights in the land described in the contract, and transfers this remedy to his grantee; such deed is, therefore, competent evidence in a proceeding by the grantee to enforce such remedy.

*Heard January 11. Decided January 14.*

Case made from Ottawa Circuit.

*Boynton & Pratt,* for plaintiff, were stopped by the court.

*Lowing, Cross & Angel,* for defendant.

COOLEY, J.

The defendant was proceeded against under *chapter 211, of the Compiled Laws of 1871,* which gives a summary remedy against persons holding lands contrary to the conditions or covenants of executory contracts of purchase. A complaint was made in the form prescribed by § *6707,* and after a hearing and trial before a commissioner, the case was taken to the circuit court by appeal. On the trial in that court, it appeared that defendant went into possession under an executory contract of purchase in which one Holstein was vendor. To show his own right, the complainant then offered in evidence a deed of the lands, made by Holstein to him, containing the usual covenants of warranty, and bearing date after the giving of the con-

tract. The reception of this deed in evidence was objected to, on the grounds: *first,* that it was not made between the parties to the case; *second,* that there was a want of privity between the grantee in the deed and the defendant; and, *third,* that it involved the title to real estate. The circuit judge sustained these objections, and rejected the evidence.

In support of the first and second objections to the deed, the defendant insists that this summary remedy can only be had between the parties to the contract, or where the vendee, having attorned to, or otherwise recognized, the right of an assignee, is immediately aware, when the proceeding is commenced, that the right of the complainant is one he is estopped from disputing. In other words, it is urged that the defendant should be apprised by the complaint and proceeding, what the nature of the case against him is, and that the statute never contemplated that he should be suable in this form by a stranger, of whose rights he may know nothing, whose complaint will give no information, and whose case he may consequently be unable to prepare to meet.

If there is any force whatever to these arguments,— which we do not concede to be the fact,—they should be addressed to the legislature to induce that body to withhold the remedy from assignees.

The statute makes no exception of their case, and it is not in our power to make any, and we must hold that any person who comes within the provisions of the statute, may institute the proceeding. The assignee of the contract is as clearly within those provisions as the vendor himself, and he establishes his right, and shows the privity between himself and the defendant, if on the trial he proves such facts as make out an estoppel, and preclude the defendant from disputing his right. The remedy does not depend

on the knowledge, or want of knowledge, on the part of defendant, of what the facts regarding complainant's right may be, which he is to meet, and those facts are to be established by evidence as in other cases. With the single exception of the fact of assignment, they are the same that they would be in a proceeding instituted by the vendor, and the embarrassment to the defendant cannot therefore be very great, inasmuch as by the proceeding itself, he can hardly be in doubt that complainant claims the premises under a forfeiture of the contract. The defendant is even less in the dark than in an action of ejectment, for, in that action, while the declaration is in form equally general, with the single exception, that the nature of the estate claimed by the plaintiff is stated, the suit itself does not apprise the defendant from what source the plaintiff claims to derive title or right, as this would be likely to. And the statement in a declaration, that the plaintiff claims a particular estate, is in fact matter of form rather than of substance, and is generally of no value to defendant, as a means of apprising him what he is to meet.

The objection, that this is an attempt to try titles before an officer having no jurisdiction for that purpose, appears to us equally untenable. This is not a proceeding in which titles may be tried. It is a proceeding to dispossess the defendant for the non-performance of a contract which estops him from disputing the title of his vendor, or of the vendor's assignee. It is true that the validity, or sufficiency of the deed, may be questioned when it is put on evidence; but it would be its validity, or sufficiency as a transfer of the contract, and not as a conveyance of the title. Whether Holstein had title before the deed was given, or complainant afterwards, is immaterial.

It is said, however, that the deed is not effectual as a transfer of the contract, because, being with covenants, it

is inconsistent with its terms that any such contract was in existence; and it cannot be held that the vendor intended to assign the contract by a deed which, so far from alluding to it, covenants that the title is unincumbered, and thereby in effect declares that there is no such contract. But if the contract existed in fact, it is difficult to perceive how the vendor could possibly assert any rights under it, after giving an absolute conveyance. He assigns all his right in the land; and that assignment is necessarily subject to the right of Dykema to acquire it on complying with the terms of the existing contract. Strictly, it is not so much a transfer of the contract, as a transfer of the vendor's title, subject to the contract; and it would require express and positive provisions for the purpose, to save to the vendor any rights in the contract, on the giving of such a deed. The covenants, instead of negativing the existence of the contract, may rather imply a claim on the part of the vendor, that the contract had become wholly forfeited, and the land thereby relieved from the incumbrance thereof.

We are of opinion that the court erred in rejecting the deed, and the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.