[No. 2481.    March 2, 1921.]

## NEW MEXICO REALTY CO. v. NORMENT et al.

### SYLLABUS BY THE COURT.

Under Laws 1899, c. 22, § 25, no sale or title to any property sold at tax sale, in accordance with the act, shall be invalidated by any proceedings, except upon the ground that the taxes had been paid before sale, or the property was not subject to taxation. Maxwell v. Page, 23 N. M. 356, 168 Pac. 492, 5 A. L. R. 155, followed.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suit by the New Mexico Realty Company against J. W. Norment and others to quiet title. Decree for defendants, and complainant appeals. Affirmed.

F. W. Clancy, of Santa Fe, for appellant.

A. M. Edwards, of Santa Fe, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J.   This was a suit to quiet title to six lots in the city of Santa Fe, Nos. 125 to 130, both inclusive, in what is known as the Valuable Building Lots addition, of which plaintiff claimed to be the owner. The defendants Norment and Security Investment & Development Company appeared and answered, setting up title acquired by Norment from a tax sale deed made February 11, 1911, upon a tax certificate sold to the county April 7, 1906, for

the delinquent taxes for the year 1904, and transfer of that title to his codefendant and the subsequent transfer by the company to Ed Hesch. Hesch afterwards intervened, claimed the lots, and the court decided in his favor and entered judgment that he was the owner of the lots. From said judgment this appeal is taken.

The facts are not disputed, being matters of record. The trial court refused to make certain findings for the appellant on the ground that they were immaterial under the view he took of the case. Appellant offered evidence and proved that on July 15, 1903, Oliver E. Cromwell and wife conveyed lots 125 to 130, both inclusive, to one Charles Seymour, and on May 25, 1905, Charles Seymour conveyed the lots to the appellant. On May 25, 1882, one E. C. Manning conveyed to T. B. Meyers lots 66 and 201 of the Valuable Building Lots addition, and on December 31, 1884, Meyers reconveyed the two lots to Manning. It appears Meyers never owned any other lots of the Valuable Building Lots addition, nor did any other person by the name of Myers own any of said lots. In the year 1899 to 1902, both inclusive, entries on the tax rolls show that lots 66 and 200 were assessed to J. B. Meyers at a valuation of $450, but on the tax rolls of 1903 and 1904 there were assessments to J. B. Myers of lots 66 to 200 at a valuation of $450. It seems that the name of J. B. Myers on the tax roll was erroneous and T. B. Myers was intended. After Myers reconveyed the lots to Manning, he made no return of them for the purpose of taxation, and the assessments from 1899 to 1904 were made by the county assessor against lots 66 and 200, from 1899 to and including 1902, and lots 66 to 200 on the tax roll of 1903 and 1904.

All the foregoing facts were shown by the evidence and were embodied in findings asked by the plaintiff, appellant, but were refused by the court as before stated.

The appellant assigns 18 errors, which deal entirely with the refusal of the court to make findings of fact requested by the appellant. The appellant contends that the assessment for 1904 was erroneous and invalid, and that no title derived from tax sale thereunder can have any legal value because said assessment was due to a clerical error in the office of the assessor. The court below, as shown by the record, took the view that this case was controlled by Maxwell v. Page, 23 N. M. 356, 168 Pac. 492, 5 A. L. R. 155, where chapter 22, section 25, of the Laws of 1899, in regard to attacking the title of property sold at tax sale, is considered. Section 25 of the act is as follows:

"No bill of review or other action attacking the title to any property sold at tax sale in accordance with this act shall be entertained by any court, nor shall such sale or title be invalidated by any proceedings except upon the ground that the taxes  *  *  *  had been paid before the sale, or that the property was not subject to taxation."

In the present case neither of these defenses given by the statute is available to the appellant. The taxes had not been paid before the sale, and it is admitted that the property was subject to taxation. The case is therefore clearly within Maxwell v. Page, and we see no reason to depart from the law laid down in that case.

The decision of the lower court is therefore affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.