[No. 2576. Nov. 9, 1921.]

## CHISHOLM et al. v. BUJAC.

### SYLLABUS BY THE COURT.

1. Tax sales made under the provisions of chapter 22 of the Laws of 1899 may be attacked only on the ground that the land was not subject to taxation or that the taxes had been paid.      P. 376

2. Alhough chapter 22 of the Laws of 1899 was repealed by chapter 84 of the Laws of 1913, the curative provisions of the former act continue in effect as to sales made under it.
P. 377

Appeal from District Court, Eddy County; Brice, Judge.

Suit by W. H. Chisholm and others against E. P. Bujac. Decree for defendant, and plaintiffs appeal. Affirmed.

J. B. Atkenson, of Artesia, for appellants.

E. P. Bujac and J. M. Dillard, both of Carlsbad, for appellee.

### OPINION OF THE COURT.

DAVIS, J. This is a suit to quiet title to certain land in Eddy county. The complaint is in the usual form, alleging title and possession. The defendant

answered by denying the title of plaintiffs, and, by way of cross-complaint, set up ownership in himself, and asked that his title be quieted as against the plaintiffs.

On the trial of the case, plaintiffs proved title to the property under a regular chain of conveyances, except for an unredeemed sale for taxes. The defendant claimed under the tax sale. The sole question for determination here is, therefore, as to the validity of the tax sale. The district court held the tax sale to be valid and entered a decree quieting title in the defendant.

The land in question .was assessed for taxes for the year 1906 in the name of "unknown owners." The taxes not having been paid, due publication of notice was made, and it was sold to Eddy county, March 2, 1908. A certificate of sale to the county was issued on the same day, and was recorded in the tax sale .records of the county on May 12, 1909. A duplicate certificate was assigned to the defendant, appellee here, July 1, 1919, and a tax deed was issued to him April 21, 1920.

Appellants attack the tax sale upon various grounds, particularly because of the failure of the treasurer to keep a book of sales and his failure to make entry, "Sold to the county," on the tax rolls opposite the unpaid tax. Appellants also contend that the order levying the tax was not entered on the records of the county commissioners, and that the seal required by statute was missing from the warrant for the collection of the taxes issued to the treasurer. All these matters are irregularities not affecting the jurisdiction to make the sale.

[1] The sale in question was made under the provisions of chapter 22 of the Laws of 1899 then in force. Section 25 of that act provided that no sale made under its .provisions could be invalidated by any proceedings except upon the ground that the

taxes, penalties, interests and costs had been paid before the sale or that the property was not subject to taxation. There is no suggestion in this case that the taxes had been paid or that the property was not subject to tax. Under the letter of this statute, the objections made here cannot be considered. Such was the opinion of the district court. This section was construed and its provisions held binding in Straus v. Foxworth, 16 N. M. 442, 117 Pac. 831; Id., 231 U. S. 162, 34 Sup. 42, 58 L. Ed. 168; and again in Maxwell v. Page, 23 N. M. 356, 168 Pac. 492, 5 A. L. R. 155. It is unnecessary to repeat or amplify the reasoning in those opinions.

[2] It is true that all of chapter 22 of the 1899 laws was repealed in 1913 by chapter 84 of the acts of that year. It is also true that at the time of the repeal the certificate of sale was still held by Eddy county, so that it was not protected by the constitutional guaranty against the impairment by the state of the obligation of contracts or the affecting of vested rights, as would have been the case if it had been held by an individual. In Pace v. Wight, 25 N. M. 276, 181 Pac. 430, this court considered the effect of the repeal of this law. The sale involved in that case had been made under the 1899 law, which allowed a definite period of redemption, and the certificate was still owned by the county at the time of the enactment of the 1913 law, which repealed the 1899 law and allowed a different period of redemption. The question there was as to which redemption period was applicable. The 1913 law was general in its terms, and on its face was applicable to all sales, whether theretofore or thereafter made. There being no constitutional objection so far as county property was concerned, it was held that the later law must control. Such was the plain legislative intent on the face of the enactment.

A different situation arises here. We are not

dealing with two conflicting laws. We are considering a sale made in 1908, and the question is whether or not it was valid when made, and under the law then in force, not whether it would be valid if made in the same way now or under the Law of 1913. There must be but one answer. The law then in force provided that various acts should be done in connection with such sale, but likewise said, in effect and with certain exceptions, that their performance was not essential and their omission should not affect its validity. The attacks made on the tax sale now before us are all because of nonperformance of these matters which the law declared unessential. The sale was therefore good when made. The subsequent repeal of the 1899 law did not invalidate it.

In Harris v. Friend, 24 N. M. 627, 175 Pac. 722, a somewhat similar question was presented. There a tax deed had been issued while section 4101, C. L. 1897, was in force. That section provided that the tax deed should be prima facie evidence of the regularity of the proceedings upon which it was based. This section was repealed in 1915 (Code 1915, p. 1665), but with a savings clause providing that it should remain in force as to contracts and events already affected. In discussing the result of this repeal this court said:

"Under the statute in force at the time of the purchase of the tax certificate in question, the purchaser was entitled, at the expiration of three years from his purchase, to a tax deed, the property not being redeemed, which was made prima facie evidence of the regularity of the prior proceedings and of the fact that the tax on the property had not been paid. This, it is true, as we have stated, was but a rule of evidence, but it was of material advantage to the tax purchaser, and without the statute the purchase might not have been made. The statute being in force at the time of the purchase, while not a right, and relating only to the remedy, did apply to the purchase. In other words, it was a remedy or a rule of evidence applying to the right which he had initiated, and the Legislature, in adopting the savings clause, said that the statute should remain in force so far as it applied to a contract or event already affected by it."

This language is of value in this case as indicating
the importance of such statutes to the purchaser at
tax sales, and under the 1899 law counties were ex-
pressly declared to be purchasers.   The section of
that law here under consideration entered into, qual-
ified, and became a part of the sale and purchase
of the land.   And that section, differing from sec-
tion 4101, above referred to, was more than a rule
of evidence.   It was a legislative declaration as to
the effect of such a sale, the character of the right
obtained under it, and the elements necessary to its
validity.

The question here is not one of constitutional law,
but of legislative intent.   Irrespective of the power
of the state by subsequent legislation to impair or
invalidate sales of property for taxes, certificates
for which are still held by the county, an intention
to do so is not shown by the mere repeal of the law
under which the sale was made.

In Pace v. Wight, supra, this court was dealing
with acts to be performed after the passage of the
1913 law and the express granting of a new re-
demption period.   Here we are dealing with a closed
transaction, a sale completed long before the passage
of the 1913 law, and we are of the opinion that it
must be given the effect to which it was entitled
under the law which authorized it, there being no
later act by which it is modified.

The opinion of this court in Cooper v. Hills, 23
N. M. 696, 171 Pac. 504, is not in conflict with the
views here expressed.   The sale there in question
was not made until after the passage of the 1913
law, and was therefore governed by its provisions
only.

The district court was correct in holding that the
irregularities claimed by appellants were not suf-

ficient to invalidate the tax sale under the provisions of this statute, and its judgment should be affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.