[No. 3031. Feb. 17, 1926. Rehearing denied March
13, 1926.]

CHRISTIAN ɪv. LOCKHART et al.

[245 Pac. 249.]

SYLLABUS BY THE COURT

1. A tax deed issued in July, 1917, upon a tax sale certificate recorded in May, 1917, is void because prematurely issued.

2. A warranty deed to land by the holder of a tax sale certificate operates as an assignment of the certificate to the grantee, within the requirements of section 5506, Code 1915, and authorizes such grantee to apply for and obtain a tax deed after the period of redemption has run.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by R. V. Christian against Henry Lockhart and others to quiet title. From a decree for plaintiff, defendants appeal. Affirmed and remanded, with directions.

See, also, 30 N. M. 484, 239 P. 285.

E. W. Dobson and George C. Taylor, both of Albuquerque, for appellants.

Summers Burkhart, of Albuquerque, for appellee.

OPINION OF THE COURT.

PARKER, C. J. This is an action brought by plaintiff (appellee) to quiet title to 160 acres of land located in Bernalillo county. The property involved was assessed for taxation for the year 1908 to unknown owners, and

———————

[1] 37Cyc p. 1388 n. 27; p. 1424 n. 8, 9. [2] 18CJ p. 297 n. 30: 37Cyc p. 1423 n. 2.

was sold to the county on November 1, 1909, for the taxes so assessed, and a tax sale certificate was issued on that date to the county. On May 2, 1917, the county treasurer assigned this certificate to one A. E. McGlashan. It was recorded on May 3, 1917. On July 24, 1917, upon the surrender to him by McGlashan of said tax sale certificate, the county treasurer executed a tax deed to him, which was duly recorded. Thereafter McGlashan conveyed by warranty deed to one Thompson, who in turn conveyed by warranty deed to the plaintiff. On September 27, 1921, the county treasurer executed a second tax deed to the plaintiff as assignee of McGlashan. The court found the facts as stated, and entered a decree quieting plaintiff's title.

[1] 1. The court properly found that the tax deed of 1917 was void because executed prematurely. The statute (section 5502, Code 1915) provides that the property could be redeemed at any time within three years from the date of recording the certificate, which in this case, was not recorded until May 3, 1917. See Crawford v. Dillard, 191 P. 513, 26 N. M. 291.

[2] 2. It thus appears that a void deed was issued to the original assignee of the tax certificate, McGlashan, and that a new deed was issued to the plaintiff as assignee of said McGlashan after the three years' redemption period had run. The assignment was effected, if at all, by means of the warranty deed to one Thompson and by Thompson's warranty deed to the plaintiff. There was no direct assignment in terms of the tax sale certificate. The court found that these deeds amounted to an assignment to the plaintiff under the provisions of section 5506, Code 1915, which is as follows:

"At the expiration of the time for redemption, if such property be not redeemed, the county treasurer upon application by the purchaser or his assignee of any property at tax sale, or of any duplicate tax sale certificate, shall execute and deliver to him a deed for the real estate sold."

It is to be observed that this statute does not in terms require the assignment of the certificate itself,

but contemplates that the assignee of the rights of the purchaser shall be entitled to the deed. A conveyance by warranty deed certainly conveys all of the rights of the vendor in and to the land and in and to all remedies and claims whereby title may be perfected and protected. Here the original assignee had a right and interest, when he conveyed, to present his tax certificate and obtain a deed when the period of redemption had run. This right passed to his vendee under his warranty. See 18 C J. ''Deeds,'' § 276; Vos v. Dykema, 26 Mich. 399.

Counsel for appellants cite, in opposition to this conclusion, State v. Winn, 19 Wis. 304, 88 Am. Dec. 689. An examination of that case, however, shows that the Wisconsin statute required an assignment on the back of or attached to the tax certificate, which renders the case inapplicable here. That case, however, is authority for the proposition that, where a tax deed has been improperly issued, the proper officer may be compelled to afterwards issue a proper deed, as was done in this case.

Counsel for appellants complain that they have never had the three years within which to redeem owing to the clouding of the title by the void deed of 1917 within a few weeks after the recording of the tax certificate. In this they are in error. The courts were open to them to set aside the void deed and to compel redemption if they so desired.

This is a hard case where a valuable property, it is said, is to be lost for failure to pay a small amount of taxes, but we see no way to avoid that result.

It follows from the foregoing that the judgment of the district court was correct and should be affirmed, and the case remanded, with directions to proceed accordingly, and it is so ordered.

BICKLEY and WATSON, JJ., concur.