[No. 3166. March 25, 1927.]

## STATE v. MONTOYA.

[255 Pac. 634.]

### SYLLABUS BY THE COURT

Laws 1921, c. 133, § 474, offends Constitution, art. 4, § 32, in so far as it attempts to discharge personal liability for taxes duly assessed.

2. Laws 1921, c. 133, § 474, does not offend Constitution, art. 4, § 32, in so far as it discharges the lien of taxes.

---

[1] 37 Cyc p. 1233 n 62 New. [2] 37CJ p. 327 n. 5; 37 Cyc p. 1149 n. 69. [3] 37 Cyc p. 1233 n. 62 New. [4] 37 Cyc p. 1200 n. 95.

3. Laws 1921, c. 133, § 474, if construed merely as barring suit to enforce personal liability for taxes, still offends Constitution, art. 4, § 32, since it postpones the obligation.

4. Authorty of special collector of delinquent taxes is not restricted by chapter 26, Laws 1925, to taxes assessed since January 1, 1910.

Appeal from District Court, Bernalillo County; Helmick, Judge

Action by the State, by J. W. Norment, Special Tax Collector, against Mauricio Montoya. From a judgment sustaining defendant's demurrer, plaintiff appeals. Reversed and remanded, with directions.

J. W. Norment, of Albuquerque, for the State.

R. P. Barnes and J. A. Miller, both of Albuquerque, for appellee.

OPINION BY THE COURT

WATSON, J. [1] The state, by J. W. Norment, special collector, brought suit upon a tax assessment of 1897, praying personal judgment, and for a declaration and foreclosure of a lien upon the property assessed. A demurrer filed was based upon Laws 1921, c. 133, § 474, which reads as follows:

"All taxes accrued upon any property in this state prior to January 1, 1910, whether assessed or not, when no tax sale has been made therefor to a purchaser other than the county, shall be presumed to have been paid, and any tax lien therefor is hereby discharged, and it shall be the duty of all county treasurers to mark such taxes paid."

The state contended that the section just quoted was ineffectual to defeat its cause of action because of section 32, art. 4, of the Constitution, which reads as follows:

"No obligation or liability of any person, association or corporation, held or owned by or owing to the state, or any municipal corporation therein, shall ever be exchanged, transferred, remitted, released, postponed, or in any way diminished by the Legislature, nor shall any such obligation or liability be extinguished except by payment thereof into the proper treasury, or by proper proceeding in court."

The trial court sustained the demurrer, holding that the statute, if ineffectual as a discharge of the taxes, did at least operate as a statute of limitations to bar. the remedy, and did also discharge the lien, neither of which effects, he held, is obnoxious to the Constitution. The state has appealed.

The above-quoted constitutional provision has been under consideration four times, and each time it has involved questions of taxation. In Board of Education v. McRae, 29 N. M. 85, 218 P. 346, we held that the repeal of a law under which a poll tax assessment had already been made could not effect liability for such assessment In Asplund v. Alarid, 29 N. M. 129, 219 P. 786, we considered that a property tax once duly assessed would be, and held that a per capita road tax duly assessed was, such an obligation or liability as could not be released or amended. In Lewis v. Tipton, 29 N. M. 269, 222 P. 661, we held that the time of redemption of a tax certificate owned by the state might be extended. The theory of this decision was that, when the county bids in the property, the taxpayer's obligation or liability is extinguished, and that, when he subsequently redeems the property, he in effect merely purchases real estate from the state. State v. State Investment Co., 30 N. M. 491, 239 P. 741, does not seem to have any bearing upon this case. These decisions seem to dispose of the first of appellee's positions; namely, that a tax assessed is not such an obligation or liability as is contemplated by the Constitution in providing that such obligations or liabilities may not be released, etc.

[2] Another of the appellee's contentions is that there is nothing in the constitutional provision to prevent the Legislature from releasing the state's lien upon the property. He points out that the lien is purely of statutory origin, does not exist unless expressly provided by statute, and insists that it may be discharged at the will of the Legislature. Appellant's reply to this contention is that a tax lien is essentially an "obligation or liability held by the

state.'' In a broad sense that contention may be cor-
rect, but it does not go far enough. To come within
the language of the Constitution, it must be an ''ob-
ligation or liability  *  *  *  of any person, associ-
ation or corporation.  *  *  *'' The tax lien would
not seem to be an obligation or liability of a person.
As a lien, it is binding only on property. That it
happens, also, to be a personal obligation in this case,
or, rather, that there is a personal obligation in the
same amount, and of the same origin, does not alter
the situation. The co-existence of a personal obliga-
tion or liability is quite unessential to a lien, 37 C. J.
310, 311. So we hold with the trial court that, in so
far as the statute has discharged the lien, it is not
violative of the Constitution, and is to be upheld.

[3] As to the personal liability sought to be en-
forced appellee contends that, if section 474 cannot
be sustained as a discharge or remission of the tax,
it should be upheld as a statute of limitations, not
discharging the liability, but merely barring the rem-
edy. Such has been held to be the effect of our gen-
eral limitation statutes. Newhall v. Field, 13 N. M.
87, 79 P. 712, 12 Ann. Cas. 979; Joyce Pruitt Co. v.
Meadows, 27 N. M. 529, 203 P. 537; Baca v. Chavez,
32 N. M. 210, 252 P. 987. We fail to discover in this
statute, however, the earmarks of an ordinary statute
of limitations. A statute which merely bars the rem-
edy is one of repose. It forbids the preferring of
stale claims as matter of public policy. But this sta-
tute is one of presumption of payment, and directs
the county treasurers to make record of actual pay-
ment. It does not act prospectively as statutes of
limitations do. It acts only retrospectively. It allows
no time within which the state may proceed on these
old taxes before the bar is to fall, as statutes of limi-
tations must do which are to affect private contract
obligations. The plain purpose and necessary effect
of this section is to remit and release tax obligations.
If the Legislature may remit and release them when
11 years old, it may do so when they are but 3 years
old. So we doubt the correctness of classifying sec-

tion 474 as a limitation statute. But the name or classification of the statute does not matter. It is the effect that condemns it. Admitting that it has done nothing more than to bar the remedy, leaving the obligation or liability intact, to be enforced if perchance a future Legislature should repeal section 474, yet the effect has been at least to "postpone" the obligation or liability—a result equally obnoxious to the Constitution. We do not consider, as we need not, whether an ordinary statute of limitations would be objectionable. We hold only that section 474, in its purpose and effect, is void, in so far as it attempts to prevent recovery by the state of personal judgments for taxes previously assessed, and therefore possessing the quality of obligations or liabilities of a person, association, or corporation held or owned by the state.

[4] Appellee also challenges the authority of the special collector to maintain this suit. Such authority is derived from chapter 26, Laws of 1925, and is limited to the collection of "delinquent taxes." Section 1 of that act defines delinquent taxes as "unpaid taxes * * * which were levied or assessed prior to the year 1924 and not barred by statute. * * *" It is argued that it appears from this that the Legislature intended to give the special collector no authority to collect taxes assessed prior to 1910. We agree with the trial court that there is no merit in this argument. The 1925 Legislature may have considered that the 1897 taxes were barred by the statute, but we have found that they are not. We can see no reason to hold that the Legislature, in defining delinquent taxes as it did, intended to restrict the authority of the special collector as to any taxes which might, as a matter of law, be delinquent. The wise purpose of so defining them was, we think, to avoid a definition in conflict with section 474. Had the Legislature intended to limit the authority of the special collector as to the taxes assessed in any particular years, it could easily have made such purpose clear.

The complaint, therefore, states a cause of action which will support a personal judgment against the defendant. The judgment must be reversed, and the cause remanded, with direction to the district court to overrule the demurrer and to proceed in the cause consistently herewith.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.