[No. 3450. Dec. 20, 1930.]

[Rehearing Denied Feb. 9, 1931.]

BAKER v. JOHNSON.

[295 Pac. 421.]

Crampton & Darden, of Raton, for appellant.

J. Leahy, of Raton, for appellee.

OPINION OF THE COURT

SIMMS, J.

Appellant owned a tract of land in Colfax county which was assessable for taxation in 1920, and paid the first half of the taxes levied thereon for that year. He did not pay the second half, however, and sale was made July 14, 1923, pursuant to a judgment and order in a general tax suit filed March 20th preceding. Appellee bought the land at the sale and received a certificate which she recorded July 17, 1923. On October 18, 1923, the court confirmed the sale. July 23, 1926, more than three years after the date of sale and less than three years after the order of confirmation, appellee applied for and obtained a tax deed without giving notice as required by section 453, c. 133, Laws of 1921. In 1928, appellant offered to redeem, but the county treasurer refused his offer. He thereupon brought suit to quiet his title and was met with an answer and cross-complaint by appellee claiming title under the tax deed. From a judgment in favor of the tax title claimant, plaintiff appealed.

Appellant's first point is that the jurisdiction of the district court in tax suits is in a special proceeding, and that since section 421, c. 133, Laws of 1921, directs the suit to be filed on or before "the first of July of each year," the suit could not have been filed for 1920 taxes later than July 1, 1921, and the filing of suit in March, 1923, was unauthorized and conferred no jurisdiction of the subject matter. If this is the law, by simply omitting to sue by July 1st the officials have deprived the state of recourse to the courts to enforce collection of its delinquent

revenue. Such a result ought not to be arrived at unless inescapable. It seems to be the generally accepted rule that a statute which, prescribes the time in which public officers shall take certain action affecting the rights of the state and its citizens in matters of taxation is to be construed as directory merely, especially so where no prejudice is thereby visited upon the taxpayer. Cooley on Taxation (4th Ed.) §§ 510, 1061, 1318. We regard the requirement that suit be filed on or before July 1st of each year in the act under discussion as directory only and not in any manner as affecting the jurisdiction of the court to hear and adjudicate the matter if action is tardily filed.

 It is urged that the assessor did not verify the roll for 1920 as required by section 5464, Code of 1915, in .force when the assessment was made, and that consequently the use of a duplicate roll with the same infirmity as a basis for suit amounted to the absence of any complaint whatever and deprived the court of jurisdiction of the suit. This objection is not available after judgment, as we have just held in Williams v. Van Pelt, 35 N. M. 286, 295 P. 418.

 Appellant claims that no lawful summons was ever issued in the tax suit for the reason that there was never in fact a complaint within the meaning of section 421, c. 133, Laws of 1921, on file at the time the summons was issued and published. It seems the assessor's duplicate copy of the 1920 roll was filed without any corrections or notations of delinquency. It contained the names of taxpayers, description of their property, and the tax extended in each case. The summons was published on the 20th and 27th days of March, 1923, for a return day of April 23d. After May 6th, the treasurer, by stamping the roll on the margin, showed what taxes had been paid, thus leaving blank those unpaid. On May 14th judgment in rem was entered by the court against all delinquents. So much of section 421 as is material here reads as follows:

"* * * Shall prepare and file, without cost, in the district court, the copy of the assessment roll of the last preceding year theretofore retained by said assessor, after the same shall have been corrected by marginal notes, or otherwise, showing the non-pay-

ment of taxes on real property therein, and when so filed so much thereof as shall show delinquent unpaid taxes on real property for said year shall have the effect of a complaint and the institution of a suit in rem against said real property. * * *"

Appellant argues, in substance, that since "only so much thereof [the roll] as shall show delinquent unpaid taxes" constituted the complaint, and since there was no showing of any kind of delinquency as to his land when the complaint was filed and summons issued and published, there was no complaint as to his land on which a summons could issue. The argument is plausible but unsound. Appellant's land was in fact delinquent. As to it the complaint contained the name, description, amount of tax. If it was defective in failing to allege delinquency in the statutory manner, he could have appeared and halted the proceedings until proper corrections were made. But he did not appear and the correction was made before judgment, as was authorized by section 430, c. 133, Laws of 1921. Nor was the maner of showing delinquency sufficient to avoid the judgment. By marginal notations, "or otherwise," appellant's land was shown unpaid. While it is customary to show specifically those who are delinquent on such a roll, we do not see why a showing of all those who had paid does not at the same time show those who are delinquent, by necessary inference. In view of the provisions of section 435 of the act, which allow ninety days after judgment to attack it, except in cases where the taxes have been paid or the land is not assessable, and which make the judgment conclusive of all defenses which might have been urged to the action, we think the question of the validity of the summons is foreclosed against appellant.

Appellant next attacks the validity of the judgment because it failed, as he says, to adjudicate the validity of the lien for taxes and foreclose it, fails to describe any land and does not mention appellant's name anywhere in its contents, and wholly omits to contain a judgment for any specific amount of taxes against appellant's land. Section 428, c. 133, Laws of 1921, permits the court, by simple entry of the words "judgment in rem" opposite the description of the property on the roll, to render judgment "where the court elects so to proceed." But in this

case the court entered a formal judgment, which recited the default of all defendants (except certain named persons) and stated that the taxes, interest, penalties, and costs, as shown by the roll, were unpaid. It proceeds to award judgment for said delinquent taxes against all defendants who were in default (without naming them) and directs sale of the lands. Since appellant was not one of the defendants who answered and was by name excepted in the judgment, he is to be classed among those denominanated as delinquents. The judgment was sufficient under the statute. American National Insurance Co. v. Brown, 33 N. M. 42, 261 P. 810.

Objection is made that there was no report of sale. By "motion for confirmation of sale," the treasurer's action in selling was reported to the court. It was in general terms and did not contain the name of owner or description of each piece of land sold. But this is not necessary. Record of sales is made and kept as a public document, and there was neither necessity nor excuse for setting forth this itemized list at such a step in the proceedings. The same is true of the order of confirmation.

Appellant says the sale was void because made for $26.84 instead of $25.13. The appellee says the amount sold for was correct. The parties figure interest and penalties differently. The question is of no moment because under a similar statute we held, in Straus v. Foxworth, 16 N. M. 442, 117 P. 831, that such a contention is not open to one attacking the tax title. By section 435, c. 133, Laws of 1921, the only two grounds open to one desiring to attack such a title are that the taxes were in fact paid, or that the land was not subject to taxation. Appellant could not urge either.

The next inquiry is whether the certificate of sale executed to appellee is void because not in the exact form prescribed by the statute. The treasurer used a form in common use throughout the state under the former law (section 5502, Code of 1915). It is very much fuller and more in detail than the form prescribed by section 441, c. 133, Laws of 1921; it contained all the essential allegations of the later form except that it says, in effect, that

the treasurer sold the land for delinquent taxes, while the 1921 form recited that the county sold it to the purchaser. There is no merit in this contention. Section 441 says that the certificate "may be in substantially the following form." The right to make the sale was derived from the statute. The county did in fact sell the land because the law so provided. It must have acted through its treasurer. A recital that the treasurer sold and conveyed the land certainly could not have prejudiced appellant. The purpose of the certificate is to give the purchaser a paper showing his rights and the title which the law transfers by such proceedings. The treasurer could not have been acting for anybody except the county and his act was that of the county. The clear intent and purpose of section 435, to which we have heretofore referred, is to do away with technical objections to tax titles.

Appellant says the certificate was void because issued prematurely. He says the sale was held on July 14, 1923, on which date the certificate was issued, but that no confirmation was had until October 18th. He cites section 441, c. 133, Laws of 1921, which provides

"After confirmation of sale, the county treasurer shall execute to the purchaser, or to the county as the case may be, a certificate of sale for the property sold, which certificate may be in substantially the following form," etc.

If we had here a case where the court had disapproved the sale, appellant might be in a better position. But the sale was confirmed. The ministerial act of delivering the certificate evidencing the sale, while done apparently prematurely, in no way harmed or prejudiced appellant. We have held in Maxwell v. Page, 23 N. M. 356, 168 P. 492, 5 A. L. R. 155, that a sale made a day too soon was not subject to attack under provisions of the 1899 statute similar to the 1921 Act in respect to cutting off defenses to a tax title not founded on the statutory objections of payment or nonliability to taxation. We are constrained to hold the statute directory as to the time of issuing the certificate. Since its validity was not thereby impaired, appellant's contention that it was not entitled to record is also not tenable.

■ Next, appellant claims that the tax deed was void because issued prematurely. The sale was made July 14th; the certificate recorded July 17th; and the order of confirmation was dated October 18, 1923. Tax deed issued July 23, 1926. Since this was more than three years after both sale and recording, and less than three years after the date of confirmation, it becomes necessary to determine what date the redemption period began to run. When a judicial sale is confirmed, the order of confirmation does not set a new date for the sale to take effect but relates back to the date of the sale itself and makes the sale effective as of that day. 35 Corpus Juris, "Judicial Sales," page 52. 16 Ruling Case Law, "Judicial Sales," §§ 54 and 60. This being true, appellant's right to redeem the land expired three years after July 14, 1923, and the tax deed issued July 23, 1926, was not premature.

■ The final question in the case is whether appellee's failure to give by registered mail or publication the notice of intention to apply for a tax deed required by section 453, c. 133, Laws of 1921, was fatal to the validity of the deed. Appellant's time for redemption had expired. He was not possessed of either ground of attack upon the tax title permitted by section 435. The land was assessable and the taxes were not paid. The failure to give notice did not deprive appellant of any defense recognized by the law. He had none. The validity of the tax deed was not affected. Williams v. Van Pelt, supra.

We conclude that the judgment of the trial court was correct and should be affirmed and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and CATRON, JJ., concur.