[No. 3477. Dec. 20, 1930.]

[Rehearing Denied Feb. 9, 1931.]

MOORE v. NATIONAL BANK OF NEW MEXICO OF RATON.

[295 Pac. 424.]

Sadler & Doggett, of Raton, for appellant.

Fred S. Merriau, of Raton, for appellee.

OPINION OF THE COURT

SIMMS, J.

In the year 1921, Maria Cunico owned certain land in Colfax county which was assessable for taxes and upon which the taxes for that year were not paid. Suit was brought in March, 1923, resulting in judgment and order of sale; the judgment being dated May 13 and the order June 13, 1923. On July 14th of that year, the land was sold to the county and certificate issued on that day. It was recorded August 10, 1923. On October 18, 1923, the court confirmed the sale. Appellant bought the certificate from the county on February 15, 1924. August 11, 1926, she applied for and obtained a tax deed from the treasurer without giving notice required by section 453, c. 133, Laws 1921. On August 24, 1926, appellee, suc-

cessor in title to Cunico, tendered to the tax title purchaser and to the treasurer redemption money and sought to redeem the land; being refused, it brought suit to quiet its title and was met by an answer and cross-complaint of appellant claiming title under the tax deed. From a decree quieting title in the plaintiff, the holder of the tax deed appeals.

The first question presented is whether the complaint filed in the tax suit was sufficient to give the court jurisdiction. Under section 421, c. 133, Laws of 1921, a duplicate copy of the assessment roll was used and, by corrections to show delinquencies on the margin, was filed as a complaint. It appears that the assessor made up the roll in triplicate for the year 1921, using the levies actually made by the county commission, and that one copy of the roll was properly signed by the chairman of the board of county commissioners, verified by the assessor, and receipted for by the treasurer. In some way that copy got to the office of the Tax Commission. The treasurer's copy was unsigned and unverified, as was that retained by the assessor. The trial court held that since the assessor's copy, which was used to file suit, was unverified, there was no jurisdiction to render judgment in the case. We have held to the contrary in Williams v. Van Pelt, 35 N. M. 286, 295 P. 418, and Baker v. Johnson, 35 N. M. 293, 295 P. 421. Those cases arose under assessments for the year 1920 and involved consideration of the provisions of section 5464, Code of 1915, which does not differ materially in substance from section 229, c. 133, Laws of 1921, in force when the assessment for 1921 was made. The trial court was therefore in error in holding that there was no jurisdiction of the subject-matter of the cause for lack of a complaint, and in holding all subsequent steps in the proceedings void for that reason.

Appellant unsuccessfully urged below that her tax title was not subject to collateral attack except upon the ground that the taxes had in fact been paid, or that the land was not assessable. Neither ground was available to appellee, who does not deny the taxability of the property nor that the taxes were in fact unpaid and delinquent. Section 435, c. 133, Laws of 1921, reads as follows:

"* * * After the expiration of such period of ninety days, any final judgment for the sale of property for delinquent taxes rendered in accordance with the provisions of this act shall estop all parties from raising any objection thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree and might have been presented as a defense in such action in a court wherein the same was rendered, and as to all such questions the judgment shall be conclusive evidence of its regularity and validity in all collateral proceedings; except in cases where the taxes had been paid, or the property was not liable to the tax or assessment, * * * and no bill of review or other action attacking the title to any property sold at tax sale in accordance with this act shall be entertained by any court, nor shall such sale or title be invalidated by any proceedings except upon the ground that the taxes, penalties, interest and costs, had been paid before the sale, or that the property was not subject to taxation. * * *"

This and similar provisions of revenue statutes of the past have been before us frequently. In Straus v. Foxworth, 16 N. M. 442, 117 P. 831, affirmed by Supreme Court of United States in 231 U. S. 162, 34 S. Ct. 42, 58 L. Ed. 168; Maxwell v. Page, 23 N. M. 356, 168 P. 492, 5 A. L. R. 155; New Mexico Realty Co. v. Norment, 27 N. M. 101, 196 P. 176; Chisholm v. Bujac, 27 N. M. 375, 202 P. 126; Mann v. Kiddo, 28 N. M. 137, 207 P. 424; Williams v. Pan Pelt, 35 N. M. 286, 295 P. 418; and Baker v. Johnson, 35 N. M. 293, 295 P. 421, we have repeatedly held these statutes mean just what they say. See also George v. Mutual Investment & Agency Co. (C. C. A.) 284 F. 681. Appellant was correct in claiming that appellee's collateral attack upon the judgment in the tax proceedings was not permitted by the statute and that its curative features protected her title acquired at the sale.

Other questions are discussed by both parties, appellee undertaking to save its judgment by showing error committed against it under paragraph 2, Rule 15, Rules of Appellate Procedure effective March 1, 1928. We have disposed of similar matters in Baker v. Johnson, supra, and need not now discuss them further.

The judgment of the lower court should be reversed, and the cause should be remanded with directions to enter judgment for appellant, quieting her title against appellee; and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and CATRON, JJ., concur.