198 P.2d 801

**SAWEY et al. v. BARR.**

No. 5069.

Supreme Court of New Mexico.

Sept. 8, 1948.

Rehearing Denied Nov. 12, 1948.

H. A. Kiker, Manuel A. Sanchez, and Charles C. Spann, all of Santa Fe, for appellant.

A. B. Carpenter, of Roswell, for appellees.

SADLER, Justice.

We are asked to determine whether mineral rights in described real estate, secured by deed dated June 22, 1929, which was not recorded until May 23, 1931, are extinguished by a sale for 1931 taxes, delin-

quent on the real estate, where the sale was on account of the 1932 and 1933 delinquencies as well, and the property was struck off to the purchaser for a lump sum bid aggregating the amount due on account of taxes for all three years.

On June 22, 1929, S.C. Rundle and Edith M. Rundle, his wife, by deed bearing that date conveyed to C. M. Barr, one of the appellants, a specified mineral interest (undivided one-half) in the minerals under certain described lands, only a portion of which are involved in this suit. The deed was not immediately placed of record, having been filed for record on May 23, 1931. In the meantime, the property became subject to assessment for the 1931 taxes, the lien of which attached as of January 1, 1931.

The land in which the mineral interest is claimed was assessed for 1931 to S. C. Rundle. It stood of record in his name on January 1st and the taxes for that year, as well as for 1932 and 1933, becoming delinquent and being in default, the property was struck off and sold to the state on December 7, 1934, at the annual delinquent tax sale held in December of that year. Tax sale certificate No. 455, issued and recited a sale of a portion of the lands described in the deed mentioned above from Rundle and wife to Barr for the lump sum of $359.59 including interest, penalty and costs. Likewise, on the same day, to-wit, December 7, 1934, and at the same tax sale,

certain other of the property described in the deed from Rundle and wife to Barr was struck off and sold to the state for 1931, 1932 and 1933 taxes, for the lump sum of $51.89, including interest, penalty and costs, as evidenced by tax sale certificate No. 969, dated December 7, 1934.

Thereafter, and on April 15, 1937, the period of redemption having expired, tax deed to the state was issued by the county treasurer covering a portion of the lands described in tax sale certificate No. 455, reciting a sale of the property conveyed pursuant to said certificate for taxes, penalties, interest and costs in the sum of $161.12. And on May 21, 1937, following, no redemption having occurred, the county treasurer also issued a tax deed to the state covering the lands described in tax sale certificate No. 969, reciting sale of the property pursuant to said certificate for taxes, interest, penalties and costs in total sum of $140.03.

Tax deeds to the state having issued, its title to the premises in controversy between the appellant, C. M. Barr, and the appellee, Charles M. Sawey, Sr., passed to the latter by mesne conveyances purporting to convey the entire interest in the lands described. Thereafter, Sawey, Sr., as plaintiff below, with his co-plaintiff, A. W. Hockenhull, instituted the present suit to quiet title in severalty to a large acreage, including the premises in which Barr

claims a mineral interest as against Sawey, Sr. The trial court's judgment quieted title in the latter to the entire interest, both surface and mineral, in certain described lands. It also quieted title in him to the entire interest in the surface, and a specified mineral interest in other described lands, including those in controversy between the appellant, Barr, and the appellee, Sawey, Sr. It adjudged Barr to be without right or interest in the lands in dispute. He prosecutes this appeal for a review of the judgment so rendered against him.

Findings of fact and conclusions of law consistent with the judgment appear in the decision filed of record by the trial court. The rationale of its decision is that the premises in controversy, having been duly assessed for 1931 under a description purporting to cover the entire interest and the tax lien of the state having attached prior to the severance of the mineral interest of record, the tax sale for 1931 taxes carried with it the entire interest, mineral as well as surface. A review of our previous decisions compels us to agree with this conclusion.

The appellant places strong reliance on the case of Sims v. Vosburg, 43 N.M. 255, 91 P.2d 434. It is not in point. The distinction between it .and the present case is brought out by the facts stipulated in the former. The question was whether the mineral rights under a certain 320 acres of land passed by a tax sale under an assessment of the property according to government surveys for the year 1931, where the mineral rights therein, prior to asssessment, had been severed by conveyances to various persons, admittedly of record, even though such persons, themselves had failed to return the property for taxes. We held the mineral rights did not pass by a tax sale under the facts stated.

Furthermore, we felt called upon to note that nothing in our opinion was inconsistent with our former decisions in Alamogordo Improvement Co. v. Hennessee, 40 N.M. 162, 56 P.2d 1127, and Alamogordo Improvement Co. v. Prendergast, 43 N.M. 245, 91 P.2d. 428, 122 A.L.R. 1277, holding title conveyed by tax deed .is a new and paramount title in fee simple absolute, striking down all previous titles and interest in property; and, based on the same consideration, that nothing said in Sims v. Vosburg was inconsistent with our previous holdings in Hood v. Hood, 42 N.M. 295, 77 P.2d 180, and N. H. Ranch Co. v. Gann, 42 N.M. 530, 82 P.2d 632, touching the effect of curative and other provisions found in the statutes for the protection of tax titles.

Certain language employed in our opinion in Sims v. Vosburg, supra [43 N.M. 255, 91 P. 20, 436], emphasizes the distinction between its facts and those in the present case. It is stated:

"It is true that owners of property are required by statute to list it for taxation, and that a tax levied against land in the name of one not the owner does not invalidate the tax. But unless it appears that the severed mineral interests in land *evidenced by a duly recorded deed* have actually been taxed in the name of the owner of the remainder of the estate as shown by the record, the taxes levied on land merely described by government surveys or metes and bounds, is not against the severed mineral rights.

"*It is evident from the facts in this case that the taxing authorities did not take into consideration the severed mineral interests in this property in valuing it for taxation.* It was classed as grazing land and its value fixed at exactly the same value as that of other grazing land, from which the minerals have been severed. The severed mineral interests were neither assessed nor sold for taxes and the appellant obtained no title thereto by virtue of his certificates and tax deed." (Emphasis ours.)

■ Just as it was evident to us in Sims v. Vosburg from the facts of record that the taxing authorities did not take into consideration the severed mineral interest in the property assessed in valuing it for taxation, so here it is equally obvious that the taxing authorities did take into consideration the entire interest in the property, of whatsoever kind, in valuing it for

taxation under the 1931 assessment. Severance of the mineral interest in real estate by an unrecorded deed does not operate to defeat a tax title deriving from foreclosure of lien for taxes attaching under an assessment of entire interest in the property prior to recordation of the deed. Sims v. Vosburg, supra; cf. Barthold v. Dover, La.App., 153 So. 49, where the court's opinion fully sustains appellee's contention that severance of mineral estate by an unrecorded deed does not defeat tax lien attaching prior to recordation of deed, even though upon other grounds the tax title was held invalid.

■ Our taxing laws provide that all taxes levied upon real estate "shall be a lien thereon from the first day of January of the year in which the levy is made and *continue as such until paid or foreclosed by sale.*" (Emphasis ours.) 1941 Comp. § 76-412. When this property was placed on the rolls for 1931, just as in all previous years after it became subject to taxation, the assessment was based on valuation of the entire interest in the property. The assessor had no knowledge or notice that more than a year before a severance of the mineral estate had occurred. Recordation prior to tax sale of the deed severing the minerals does not alter the state's right to enforce lien for taxes previously attaching. We approve the language of the Court of Appeals in Louisiana in its opin-

ion in Barthold v. Dover, supra [153 So. 51], where it is said:

"Can the security of the holder of a legal mortgage upon land be impaired by the alienation of a part of the complete ownership of that land recorded subsequent to the attaching of the mortgage? We think not. As we see the case, while the mineral rights were not and could not be assessed, the whole property, including the mineral rights, being owned by the tax debtor at the time of the filing of the tax rolls, was affected by the resulting lien and legal mortgage and became security for the payment of the taxes. As the tax sale was but a legal enforcement and consummation of this lien and mortgage, the rights of the tax purchaser dated back to the time it attached to the property, and, unless otherwise invalid, conveyed the mineral rights. It seems to us clear that, if the tax debtor could not have transferred the whole property, after the attaching of the lien and mortgage so as to defeat them, he could not legally transfer such a part of them as the mineral rights have been held to be. We therefore conclude that the tax sale, if valid, conveyed a complete title."

We come next to appellant's claim that the tax title must fail because the property was sold for the delinquencies of 1931, 1932 and 1933, for a lump sum bid, severance of the mineral interest admittedly being a matter of record when the property was assessed for 1932 and 1933. The position on this point is well summarized in his counsels' brief, as follows:

"We now assume, but do not concede, that a sale of the land for taxes for the year 1931 only, would have conveyed the mineral rights, because the deed conveying them had not been recorded at the date of the assessment. Assuming the assessment for 1931 would have validly included the mineral rights, the assessments for 1932 and 1933 are clearly invalid in any attempt to include the mineral rights. These rights are required to be separately assessed and specifically described. The tax deed under which Appellee claims was issued in 1935 for delinquent taxes for 3 years and for two of these years the assessments were invalid as attempting to include the mineral rights."

The appellant is foreclosed on this argument, both by the curative provisions of 1941 Comp. § 76-726 and the limitations provided for testing tax proceedings in 1941 Comp. § 76-727 as construed in such cases as Hood v. Bond, supra; N. H. Ranch Co. v. Gann, supra; and De Gutierrez v. Brady, 43 N.M. 197, 88 P.2d 281, 283. Indeed, in the last mentioned case, the very contention now advanced was presented. The land was sold for taxes for last half of 1931 and for all of the year 1932. Both delinquencies were included in one sale and the property was struck off to

the county for a lump sum bid. A tax sale certificate issued thereon, followed in due course by a tax deed. Touching this very question, we said:

"We agree with the trial judge that if the land was lawfully sold for the 1932 taxes any defects as to the 1931 taxes would be unavailing even though both delinquencies are covered in a single sale. But granting existence of the defects claimed, they do not penetrate the protective shield afforded tax titles by the curative provisions quoted above. The plaintiff makes no claim that the property was not subject to taxation. The trial court found the taxes were unpaid and became delinquent and that there was no redemption. Neither is it asserted that there was an entire omission to list or assess the property, the claim merely being that by including other property along with the plaintiff's, the assessment is invalid. Under a long course of decision in this state such attacks cannot prevail against the curative effect of this and earlier statutes of like tenor."

So here, it is not claimed that the mineral interest was not subject to taxation for 1931. It is not disputed that the tax was unpaid. No claim of redemption is asserted, nor is it affirmed that a single condition named in 1941 Comp. § 76-726 exists to take the case outside the protection of the curative provisions therein provided. Accordingly, the appellee's tax title stands invulnerable to the attacks made upon it. The judgment is correct and should be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.