454 P.2d 969

**Dr. T. B. COULTER, Avrome Schuman, Earl Schuman, J. Harold Schuman, Jerald Schuman, Barbara Ann Witten, Saul A. Yager, Saul A. Yager and Robert C. Witten, Trustees, Plaintiffs-Appellees,**

v.

**Mar Jo Smith GOUGH, Union Oil Company of California and Frank Lynn Killingsworth, John Henry Killingsworth, Margaret Elizabeth Burns, Edgar Killingsworth, Charlotte Francis Weldon and George Etta Emerson, sole heirs and sole devisees of Mary Etta Killingsworth, Deceased, Defendants-Appellants.**

**No. 8588.**

Supreme Court of New Mexico.

May 5, 1969.

Rehearing Denied June 10, 1969.

Neal & Neal, Hobbs, for Union Oil Co. of Cal.

Robert W. Ward, Lovington, Hinkle, Bondurant & Christy Roswell, for sole heirs and sole devisees of Mary Etta Killingsworth, and for Mar Jo Smith Gough.

Jennings & Copple, Roswell, for appellees.

## OPINION

NOBLE, Chief Justice.

Defendants, Mary Etta Killingsworth (now deceased), Mar Jo Smith Gough, and Union Oil Company of California, have appealed from a judgment quieting the title in plaintiffs to certain mineral interests in Lea County. The decree was a summary judgment based upon the pleadings, depositions, answers to interrogatories, admissions, affidavits and abstracts of title.

Plaintiffs' claim to title to the minerals is based upon a tax deed and upon an earlier suit to quiet title. The defendants (appellants) trace their claim of ownership to mineral deeds from the patentee. Our determination of this case turns on whether the tax sale can be attacked in this action.

Taxes were assessed against the described land in sections 5 and 8, in the name of the patentee, for the year 1928. A tax lien certificate was issued upon the taxes becoming delinquent and foreclosure proceedings filed pursuant to §§ 141–701 to 727, N.M.S.A. 1929. Mary Etta Killingsworth's predecessor in title received a deed to an undivided ⅟₁₆ mineral interest in December, 1928, from the patentee. Gough's predecessor, T. G. Smith, acquired an undivided ⅟₃₂ mineral interest from the patentee in November, 1928.

Defendants make a two-pronged attack on the validity of the tax foreclosure judgment: (1) that the court lacked jurisdiction because of a failure to post a statutory notice of suit, and (2) that the owners of severed minerals were not made parties to the tax foreclosure action.

In this State, taxes are a charge against the land as well as the personal obligation of the owner. Tax foreclosure proceedings, however, are seldom in personam, and the enforcement of a tax lien is generally a proceeding in rem against the property taxed. Alamogordo Improvement Co. v. Hennessee, 40 N.M. 162, **56 P.** 2d 1127; State v. Montoya, 32 N.M. 314, 255 P. 634. These taxes were assessed as of January 1, 1928. Sec. 141–201, N.M.S. A. 1929. The mineral interests were severed and conveyed to the predecessors of the defendants in November and December, 1928. The tax enforcement proceeding in this case was one in rem, §§ 141–710 and 141–712, N.M.S.A. 1929. The purchasers of the mineral interests after the fee simple estate was assessed for taxes were not indispensable parties to the foreclosure of the tax lien. See Kaye v. Cooper Grocery Co., 63 N.M. 36, 42, 312 P.2d 798; Sawey v. Barr, 52 N.M. 358, 198 P.2d 801; see also United States Trust Co. v. Territory, 10 N.M. 416, 62 P. 987.

Ch. 114, Laws 1929 (§§ 141–709 to 714, Comp. 1929) provided the applicable procedure to enforce the tax lien, (except § 141–710 enacted as ch. 6, Special Session Laws 1929). Sec. 141–710 provided for the filing of a complaint in the district court, and that the enforcement proceedings, the sale and redemption "shall be subject to all provisions of law relating to the foreclosure, sale and redemption of real estate under mortgage," except as otherwise provided in the act.

Defendants point to a requirement of § 141–710 providing for service of process by posting "notice of suit" where personal service cannot be made, and assert that the court lacked jurisdiction to enter the tax judgment because it shows on its face that a copy of the summons rather than a "notice of suit" was posted. They argue that by reason thereof, the tax deed issued pursuant to the foreclosure sale is void. They further argue that notwithstanding the express provisions of § 141–710, N.M.S.A. 1929, the proceeding to foreclose this tax lien is necessarily one "quasi in rem," as distinguished from one "in rem" and that, accordingly, the court lacked jurisdiction because of the claimed failure to strictly follow the notice requirement. We do not agree. Sec. 141–712, N.M.S.A. 1929, expressly makes the tax judgment one in rem unless there has been per-

sonal service upon the person liable therefor. Furthermore, that section of the statute contains an express limitation upon the right to attack the tax judgment, which reads:

"Judgments rendered under the provisions of this act shall have the same legal effect and be subject to the same grounds of attack as judgments in ordinary civil actions, Provided, that such judgments shall be subject to no attack whatsoever, direct or collateral, by appeal, writ of error or otherwise, after ninety days after the rendition thereof. * * *"

The statute then authorizes an appeal from such judgments to the Supreme Court if taken within ninety days.

Defendants, however, argue that the defect in failing to post a "notice of suit" as opposed to posting the "summons" is jurisdictional and, accordingly, the curative statute could give no validity to a void proceeding. We disagree. In Maxwell v. Page, 23 N.M. 356, 168 P. 492, 5 A.L.R. 155, we held that the legislature may prescribe what shall be essential to the validity of a tax proceeding:

"subject only to the fundamental principle that a person whose property is to be subjected to taxation must have notice and an opportunity to be heard as to the amount of the charge upon his property, or, in other words, that due process of law must be provided for."

We there said that due process has been provided in such proceedings if the property owner has an opportunity to question the validity or the amount of the tax or assessment either before the tax is levied or subsequently in proceedings for its collection. Notice of every step in the tax collection proceedings was then said not to be essential to due process. See also Hood River County v. Dabney, 246 Or. 14, 423 P.2d 954, 960 (1967).

Our attention has not been called to any decisions construing the 1929 tax act, nor have we found one. However, an almost identical limitation provision of the 1921

tax act was construed by this court in Baker v. Johnson, 35 N.M. 293, 295 P. 421. Ch. 133, Laws of 1921, provided a comprehensive procedure for the enforcement of collection of taxes upon real property. It, like the 1929 act, required the filing of an action in the district court, with service of process to be made by publication or posting. Sec. 431, ch. 133, Laws 1921, permitted only certain defenses to the taxpayer. Under the 1921 procedure, a judgment in rem was provided for unless the person liable for the tax was personally served with process. Sec. 428, ch. 133, Laws 1921. The limitation provision of § 435, ch. 133, Laws 1921, reads:

"Judgments rendered under the provisions of this act shall have the same legal effect and be subject only to the same grounds of attack, as judgments in ordinary civil actions, provided such attack is made within the period of ninety days after the rendition of such judgment and not thereafter. * * *"

It is apparent that there is no material difference between the two limitations. In Baker v. Johnson, supra, it was contended that the court lacked jurisdiction in the tax suit. We there said:

"* * * In view of the provisions of section 435 of the act, which allow ninety days after judgment to attack it, except in cases where the taxes have been paid or the land is not assessable, and which makes the judgment conclusive of all defenses which might have been urged to the action, we think the question of the validity of the summons is foreclosed against appellant."

See also Moore v. National Bank, 35 N.M. 300, 295 P. 424, where, with reference to section 435 of the 1921 tax act and other limitation provisions of our tax acts, we said, "we have repeatedly held these statutes mean just what they say." In State ex rel. State Tax Commission v. Garcia, 77 N.M. 703, 427 P.2d 230, we said the legislature has attempted to give a measure of stability to tax titles by limiting the time for and grounds upon which they may be attacked.

(§§ 72-8-20 and 21, N.M.S.A. 1953.) We there recognized that curative statutes are similar in effect to statutes of limitation. Such curative statutes have been upheld as a valid exercise of legislative power. Straus v. Foxworth, 16 N.M. 442, 117 P. 831, aff'd, 231 U.S. 162, 34 S.Ct. 42, 58 L. Ed. 168, and by this court in Maxwell v. Page, supra; New Mexico Realty Co. v. Norment, 27 N.M. 101, 196 P. 176; Chisholm v. Bujac, 27 N.M. 375, 202 P. 126; Mann v. Kiddo, 28 N.M. 137, 207 P. 424; Christian v. Lockhart, 31 N.M. 331, 245 P. 249; Cavender v. Phillips, 41 N.M. 235, 67 P.2d 250; Hood v. Bond, 42 N.M. 295, 77 P.2d 180; Bull v. Martinez, 43 N.M. 113, 86 P.2d 599; and Aragon v. Empire Gold Mining & Milling Co., 47 N.M. 299, 142 P.2d 539.

In State v. Garcia, supra, it was said that our determination that these curative and limitative statutes were a valid exercise of legislative power demonstrates the weight and consideration to be accorded to titles acquired by reason of the non-payment of taxes. As early as Straus v. Foxworth, supra, the Territorial Supreme Court held that the legislature has power to limit the right of attack on a tax title, to such substantial grounds as that the land was not subject to the tax, that the tax had been paid or that the land was redeemed from the sale in the manner provided by law. De Treville v. Smalls, 98 U.S. 517, 25 L.Ed. 174; Keely v. Sanders, 99 U.S. 441, 25 L.Ed. 327; and Springer v. United States, 102 U.S. 586, 26 L.Ed. 253.

There is no suggestion in this case that the landowner was denied the right of appeal from the assessment to the body authorized by law to hear such appeals, nor has it been asserted that the land was not subject to taxation, that the taxes had been paid, or, that it had been redeemed from the tax sale. The period within which an attack could be made in a tax proceeding under the 1929 statute and that under the 1921 Act are identical. Baker v. Johnson, supra, and Moore v. National Bank, supra, are controlling.

It follows that since the applicable statute of limitations constitutes a bar to the present attack on the tax judgment, the defendants cannot prevail in this action, and, accordingly, other questions asserted and argued need not be resolved. The judgment appealed from must be affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.